**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY W. HIGHMAN, on behalf of himself and all other similarly situated individuals, | : : : : | Case No.: 2:23-cv-1757 |
| Plaintiffs, | : : | |
| v. | : : | Judge: |
| NORTHSTAR CAFE EASTON LLC, | : : | **JURY DEMANDED** |
| -&- | : : | |
| NORTHSTAR CAFÉ WESTERVILLE LLC, | : : | |
| Defendants. | : : | |

## 29 U.S.C. § 216(b) AND CLASS ACTION COMPLAINT

Anthony Highman, Sarah Bates, and Sarah Taylor (collectively, "Named Plaintiffs") bring this action on behalf of themselves and all current and former similarly situated employees of Defendant Northstar Café Easton LLC ("Defendant Easton") and Defendant Northstar Café Westerville LLC ("Defendant Westerville") (collectively, "Defendants") who worked for Defendants at any time within the period of three (3) years preceding the commencement of this action through the date of judgment and who: (i) earned less than the applicable federal and Ohio minimum wage rates per hour and were subject to a tip-credit; (ii) were paid at a rate below the relevant Ohio minimum wage; or (iii) were not properly compensated for all hours worked in excess of forty (40) in a workweek to recover unpaid minimum and overtime wages, unlawfully retained tips, liquidated damages, treble damages, penalties, interest, and other damages, as well as attorneys' fees and costs, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Act"), O.R.C. §§ 4111, *et seq.*, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, the Ohio Constitution, Art. II Section 34a (collectively referred to herein as the "Ohio Wage Laws"), O.R.C. § 2307.60, and the Ohio

common law for unjust enrichment. Named Plaintiffs assert their FLSA claims on behalf of themselves and all current and former similarly situated employees of Defendants (collectively "Plaintiffs") pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while their additional state-law and common law claims are asserted as a class action under Fed. R. Civ. P. 23. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## I.   INTRODUCTION

1.     Defendants' companywide practice is to  regularly pay Plaintiffs a tipped hourly wage less than the statutory $7.25 per hour federal minimum wage and the relevant Ohio minimum wage and rely on the "tip credit" provisions of the FLSA and Ohio Wage Laws to satisfy their minimum wage obligations. However, Defendants

a.  require Plaintiffs to participate in a tip pooling arrangement that takes their tips and pays them to non-customarily and regularly tipped employees and to Defendants' management and supervisory employees, in violation of both the FLSA and the Ohio Wage Laws and resulting in Defendants' unjust enrichment at the Plaintiffs' expense;

b.  only compensate Plaintiffs for their hours worked in excess of forty (40) hours in a workweek at either (a) one-and-a-half times the direct cash wage after application of the tip credit under the relevant Ohio minimum wage instead of one-and-a-half times the relevant Ohio minimum wage minus the tip credit ("Defendants' On-Service OT Rate"), or (b) one-and-a-half times the federal minimum wage instead of the relevant Ohio minimum wage ("Defendants' Off-Service OT Rate");

c.  pay Plaintiffs below the relevant Ohio minimum wage when not utilizing a tip credit; and

d.  apply a tip-credit to Plaintiffs' pay even when they perform work that directly supports tip-producing work for a substantial amount of time that exceeds either twenty

percent (20%) of the hours worked during their respective workweeks or for a continuous period of time that exceeds thirty (30) minutes.

2. Plaintiffs seek to recover unpaid minimum and overtime wages, unlawfully retained tips, liquidated damages, treble damages, penalties, interest, and other damages, as well as attorneys' fees and costs, that Defendants owe to them and have failed to pay, in violation of 29 U.S.C. § 207 of the FLSA, the Ohio Wage Laws, O.R.C. § 2307.60, and the Ohio common law.

3. Accordingly, Named Plaintiffs bring this action on behalf of themselves and all current and former similarly situated employees who worked for Defendants at any time within the period of three (3) years preceding the commencement of this action through the date of judgment and who: (i) earned less than the applicable federal and Ohio minimum wage rates per hour and were subject to a tip-credit; (ii) were paid at a rate below the relevant Ohio minimum wage; or (iii) were not properly compensated for all hours worked in excess of forty (40) in a workweek to recover unpaid wages, unlawfully retained tips, and related damages.

4. Named Plaintiffs also pray that all similarly situated current and former employees be promptly notified of the pendency of this action pursuant to Section 216(b) to apprise them of their rights and provide them an opportunity to opt into this lawsuit.

5. Named Plaintiffs also pray that the Ohio Wage Law and common law claims be certified as a class pursuant to Fed. R. Civ. P. 23.

## II. JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

7. This Court has supplemental jurisdiction over Plaintiffs' and the Putative Class Members' Ohio and common law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiffs' and the Putative Class Members' claims under the FLSA that they form part of the same controversy.

8.      Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's conduct giving rise to Plaintiffs' and the Putative Class Members' claims occurred within Franklin County in this District.

### III.    THE PARTIES

9.      Plaintiff Anthony Highman is an adult resident of Columbus, Ohio residing at 353 East 13th Avenue, Apartment 2B, Columbus, Ohio 43201, and a former employee at Defendant Easton's establishment located at 4015 Townsfair Way, Columbus, OH 43219. Plaintiff Highman has given his written consent to bring this action to collect unpaid wages, unlawfully retained tips, and related damages under the FLSA, the Ohio Wage Laws, and the common law. Plaintiff Highman's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit A**.

10.      Plaintiff Sarah Bates is an adult resident of Westerville, Ohio residing at 346 Park Street, Westerville, Ohio 43081, and a current employee at Defendant Westerville's establishment located at 109 South State Street, Westerville, Ohio 43081. Plaintiff Bates has given her written consent to bring this action to collect unpaid wages, unlawfully retained tips, and related damages under the FLSA, the Ohio Wage Laws, and the common law. Plaintiff Bates' consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit B**.

11.      Plaintiff Sarah Taylor is an adult resident of Westerville, Ohio residing at 5058 Smothers Road, Westerville, Ohio 43081, and a current employee at Defendant Westerville's establishment located at 109 South State Street, Westerville, Ohio 43081. Plaintiff Taylor has given her written consent to bring this action to collect unpaid wages, unlawfully retained tips, and related damages under the FLSA, the Ohio Wage Laws, and the common law. Plaintiff Taylor's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit C**.

12. Defendant Northstar Café Easton LLC is a domestic for-profit limited liability company registered in the State of Ohio and is currently headquartered in Columbus, Ohio. Process may be served upon its registered agent, Darren Malhame, at 4241 North High Street, Columbus, Ohio 43214.

13. Defendant Northstar Café Westerville LLC is a domestic for-profit limited liability company registered in the State of Ohio and is currently headquartered in Westerville, Ohio. Process may be served upon its registered agent, Darren Malhame, at 4215 North High Street, Columbus, Ohio 43214.

## IV. STATEMENT OF FACTS

14. During all times material to this Complaint, Defendants acted directly or indirectly, in the interest of a joint employer with respect to Plaintiffs and the Putative Class Members.

15. During all times material to this Complaint, Defendants were joint "employers" within the meaning of the FLSA and the Ohio Wage Laws.

16. During all times material to this Complaint, Defendants were a joint enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said joint enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said joint enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

17. During all times material to this Complaint, Plaintiffs have been Defendants' employees pursuant to the Ohio Wage Laws and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18.    Named Plaintiffs and those they seek to represent in this action are current and former employees who worked for Defendants at any time within the period of three (3) years preceding the commencement of this action through the date of judgment and who: (i) earned less than the applicable federal and Ohio minimum wage rates per hour and were subject to a tip-credit; (ii) were paid at a rate below the relevant Ohio minimum wage; or (iii) were not properly compensated for all hours worked in excess of forty (40) in a workweek (the "Putative Class Members").

19.    Upon information and belief, Defendants utilize common pay policies and practices which commonly apply to all their employees, regardless of establishment location.

20.    At all material times, Defendants pay and have paid Plaintiffs an hourly wage at either the federal minimum wage of $7.25 per hour or below the federal minimum wage and the then-applicable Ohio minimum wage (2023 — $10.10 per hour; 2022 — $9.30 per hour; 2021 — $8.80 per hour; 2020 — $8.70 per hour).

21.    Defendants jointly determine at what rate they will pay Plaintiffs depending upon the operating hours of the store:

a. for "Off-Service Hours" (i.e., hours worked before the first customer of the day enters the restaurant and after the last customer of the day leaves the restaurant), Defendants compensate Plaintiffs at the federal minimum wage rate of $7.25 per hour;

b. for "On-Service Hours" (i.e., hours worked after the first customer of the day enters the restaurant and before the last customer of the day leaves the restaurant), Defendants purport to utilize a tip credit for each hour worked by Plaintiffs to comply with the minimum wage obligations under the FLSA and Ohio Wage Laws.

**Defendants' Tip Pool**

22.    Defendants have a policy and practice of requiring Plaintiffs to contribute a portion of the tips they receive from customers to a tip pool that is distributed to other employees.

23.     The individuals who receive a portion of the tip pool include supervisors and members of management in that said supervisors and members of management hold jobs in which (i) their primary duty is to manage Defendants' enterprises or a customarily recognized department or subdivision of the enterprises, (ii) they customarily and regularly direct the work of at least two (2) or more other full-time employees, and (iii) they have the authority to hire or fire other employees, or at a minimum, their suggestions and recommendations as to the hiring or firing of other employees are given particular weight.

24.     Further, the individuals who receive a portion of the tip pool also includes non-customarily and regularly tipped employees.

25.     Remitting tips to other employees, including management, is not voluntary; rather, it is a condition of employment and, therefore, mandatory.

26.     Defendants jointly receive the benefit of these tips at the expense of Plaintiffs who earn tips.

**Defendants' Failure to Calculate the Correct Overtime Rate**

27.     During On-Service Hours, Defendants purport to utilize a tip credit for each hour worked by Plaintiffs to comply with the minimum wage obligations under the FLSA and Ohio Wage Laws.

28.     By way of example, in 2023, Defendants compensate Plaintiffs at a rate of $5.05 per hour during On-Service Hours under a purported tip credit.

29.     However, when Plaintiffs work in excess of forty (40) hours in a workweek during On-Service Hours, it is Defendants' companywide practice to pay Plaintiff at the incorrect overtime rate of one-and-a-half times the relevant Ohio minimum wage when a tip credit is applied and not at the correct overtime rate of one-and-a-half times the relevant Ohio minimum wage minus the tip credit. For example, in 2023:

a. Defendants would calculate overtime pay for On-Service Hours at one-and-a-half times Plaintiffs' direct cash wage after the tip credit is applied as the regular rate of pay, therefore paying Plaintiffs at $5.05 times 1.5 (equating to approximately $7.58 per hour) as their overtime hourly rate.

b. Defendants should have calculated Plaintiff's overtime rate for overtime On-Service Hours worked as one-and-a-half times the 2023 Ohio minimum wage ($10.10) minus the tip credit ($5.05) which equals an overtime rate of $10.10 per hour.

30.    During Off-Service Hours, it is Defendants' companywide practice to not apply a tip credit to Plaintiffs' rate of pay—however, Defendants only compensate Plaintiff and the Putative Class Members at the federal minimum wage of $7.25 per hour rather than the relevant Ohio minimum wage for these hours worked, resulting in Plaintiffs receiving less than the relevant Ohio minimum wage for all hours worked.

31.    Therefore, when Plaintiffs work in excess of forty (40) hours in a workweek during Off-Service Hours, it is Defendants' companywide practice to pay Plaintiffs at the incorrect overtime rate of one-and-a-half times the federal minimum wage rate instead of one-and-a-half times the relevant Ohio minimum wage.

**Defendants' Failure to Pay the Ohio Minimum Wage When No Tip Credit is Utilized**

32.    During Off-Service Hours, it is Defendants' companywide practice to not apply a tip credit to Plaintiffs' rate of pay—however, Defendant' only compensate Plaintiffs at the federal minimum wage of $7.25 per hour rather than the relevant Ohio minimum wage for these hours worked, resulting in Plaintiffs receiving less than the relevant Ohio minimum wage for all hours worked.

**Defendants' Improper Utilization of a Tip Credit**

33.    Plaintiffs and the Putative Class Members also spend a substantial amount of time performing work that directly supports tip-producing work ("tip-supporting work"); however, it is

Defendants' companywide practice to still utilize a tip credit for the substantial time Plaintiffs perform tip-supporting work.

34. The tip-supporting work which Plaintiffs perform includes changing the trashcan near Defendants' dishwasher, running trash to the dumpster, bringing dishes to the line, restocking glasses at the beverage station or bar, polishing wine glasses, polishing and rolling silverware, among others.

35. Plaintiffs often perform tip-supporting work in excess of twenty percent (20%) of the hours worked during their respective workweeks or for a continuous period of time that exceeds thirty (30) minutes while still having a tip credit applied to their hourly rates.

36. Further, Defendants purport to require Plaintiffs to take "rounds" every fifteen (15) minutes whereby Plaintiffs and the Putative Class Members are to stop performing tip-supporting work and are to attempt to engage with customers. These "rounds" rarely occur given the multitude of tip-supporting tasks which Plaintiffs and the Putative Class Members are expected to complete during their shifts.

37. Upon information and belief, Defendants are under common ownership and therefore both have authority to hire and fire employees, both determine employees' rates and method of payments, both operate under identical pay practices and policies, both maintain employees' employment records, and both supervise and control employees' work schedules or conditions of employment to a substantial degree.

38. Upon information and belief, Defendants companywide policies and procedures with regard to how Plaintiffs were paid were created, implemented, and enforced by the same individual(s).

39. Defendants, knowingly, willfully, or with reckless disregard carried out their illegal, common compensation practices and policies with respect to Plaintiffs.

**V. CAUSES OF ACTION**

<u>COURT SUPERVISED NOTICE PURSUANT TO 29 USC § 216(b) ALLEGING FLSA</u>
<u>VIOLATIONS</u>

**A.  FLSA COVERAGE**

40.    Plaintiffs  re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

41.    The Named Plaintiffs request that the Court issue Court Supervised Notice to the following group of current and former employees defined as:

> **All current and former employees who worked for Defendants at any time within the period of three (3) years preceding the commencement of this action through the date of judgment who: (i) earned less than the applicable federal and Ohio minimum wage rates per hour and were subject to a tip credit; (ii) were paid at a rate below the relevant Ohio minimum wage; or (iii) were not properly compensated for all hours worked in excess of forty (40) in a workweek ("FLSA Notice Group" or "FLSA Notice Group Members").**

42.    Named Plaintiffs reserve the right to amend and refine the definition of the FLSA Notice Group they seek to have the Court supervise notice over based upon further investigation and discovery.

43.    At all times hereinafter mentioned, Defendants have been a joint enterprise within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r), the Ohio Constitution and the Ohio Wage Act.

44.    At all times hereinafter mentioned, Defendants have been a joint enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said joint enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that joint enterprise has had, and has, an annual gross volume of sales made or

business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

45.     During the respective periods of Plaintiffs' and the FLSA Notice Group Members' joint employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

46.     In performing the operations hereinabove described, Plaintiffs and the FLSA Notice Group Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

47.     Specifically, Plaintiffs and the FLSA Notice Group Members are (or were) non-exempt employees of Defendants who assisted clients, wherever they were from. 29 U.S.C. § 203(j).

48.     At all times hereinafter mentioned, Plaintiffs and the FLSA Notice Group Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

49.     The proposed group of similarly situated current and former employees, i.e., FLSA Notice Group Members, Plaintiffs seek to have the Court send supervised notice to pursuant to 29 U.S.C. § 216(b), is defined above.

50.     The precise size and identity of the proposed FLSA Notice Group should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

51.     Collective action treatment of Plaintiffs' and the FLSA Notice Group Members' claims is appropriate because Plaintiffs and the FLSA Notice Group Members have been subjected to the common business practices and policies referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*,

whether Defendants satisfied the FLSA's requirements for payment of the statutory overtime wages.

52. Plaintiffs and the FLSA Notice Group Members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

53. Plaintiffs and the FLSA Notice Group Members have been similarly affected by Defendants' companywide violations of the FLSA in workweeks during the relevant time period, which amount to a single decision, policy, or plan.

54. Plaintiffs are similarly situated to the FLSA Notice Group Members and will prosecute this action vigorously on their behalf.

55. Plaintiffs intend to send notice to all the FLSA Notice Group Members pursuant to Section 216(b) of the FLSA. The names and addresses of the FLSA Notice Group Members are available from Defendants' records.

## B. FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

56. Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

57. Named Plaintiffs bring their Ohio Wage Law and common law claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

> **All current and former employees who worked for Defendants at any time within the period of two (2) years preceding the commencement of this action through the date of judgment who: (i) earned less than the applicable federal and Ohio minimum wage rates per hour and were subject to a tip credit; (ii) were paid at a rate below the relevant Ohio minimum wage; or (iii) were not properly compensated for all hours worked in excess of forty (40) in a workweek (the "Rule 23 Class").**

58. Class action treatment of Plaintiffs' Rule 23 Class claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedures 23's class action requisites are satisfied.

59.     The Rule 23 Class, upon information and belief, includes over dozens of individuals, all of whom are readily ascertainable based on Defendants' standard payroll records and are so numerous that joinder of all class members is impracticable.

60.     Plaintiffs are members of the Rule 23 Class, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

61.     Plaintiffs and their counsel will fairly and adequately represent the Rule 23 Class members and their interests.

62.     Questions of law and fact are common to all class members, because, *inter alia*, this action concerns Defendants' companywide pay policies. The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

63.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## <u>COUNT I</u>
## UNLAWFUL RETENTION OF TIPS UNDER THE FLSA

64.     Plaintiffs  re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

65.     Named Plaintiffs assert this claim on behalf of themselves and members of the FLSA Notice Group who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

66.     Named Plaintiffs and the FLSA Notice Group are employees entitled to the FLSA's protections.

67.     Defendants are joint employers covered by the FLSA.

68.     The FLSA prohibits employers from keeping tips received by employees for any purposes, regardless of whether or not the employer takes a tip credit 29 U.S.C. § 203(m).

69.     The FLSA further prohibits employers from taking a tip credit if the employer allows non-customarily and regularly tipped employees in its mandatory tip pool. 29 U.S.C. § 203(m).

70.     Defendants have violated this provision companywide by keeping tips received by Plaintiffs and the FLSA Notice Group Members and by allowing non-customarily and regularly tipped employees to participate in its mandatory tip pool.

71.     Named Plaintiffs and the FLSA Notice Group Members are entitled to recover these unlawfully retained tips, an equal amount of liquidated damages, and attorneys' fees and expense, pursuant to 29 U.S.C. § 216(b).

72.     In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## <u>COUNT II</u>
## VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA

73.     Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

74.     Named Plaintiffs assert this claim on behalf of themselves and members of the FLSA Notice Group who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

75.     Named Plaintiffs and the FLSA Notice Group are employees entitled to the FLSA's protections.

76.     Defendants are joint employers covered by the FLSA.

77.     The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C. § 206(a).

78.     While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

79.     The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

80.     Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2); 29 C.F.R. §§ 531.54, 531.59.

81.     Employers may also not take a tip credit if they do not limit a mandatory tip pool to employees who customarily and regularly receive tips. *See* 29 U.S.C. § 203(m).

82.     Here, through (i) the companywide practice of unlawfully keeping employees' tips and permitting management and supervisors to keep employees' tips and (ii) the companywide practice of permitting non-customarily and regularly tipped employees to participate in a tip pool, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage obligations.

83.     As such, Defendants have violated the FLSA by failing to pay Named Plaintiffs and FLSA Notice Group for all time worked at $7.25 per hour.

84.     Employers may also only take a tip credit for work performed by a tipped employee that is part of the employee's tipped occupation. 29 C.F.R. § 531.56.

85.     Employers may not take a tip credit for work performed by a tipped employee that directly supports tip-producing work when it is done for a substantial amount of time. *See* 29 C.F.R. § 531.56.

86.     Here, through the companywide practice of utilizing a tip credit even when Named Plaintiffs and members of the FLSA Notice Group perform work that directly supports tip-

producing work for a substantial amount of time, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage obligations.

87. As such, Defendants have violated the FLSA by failing to pay Named Plaintiffs and FLSA Notice Group for all time worked at $7.25 per hour.

88. Named Plaintiffs and the FLSA Notice Group members are entitled to recover all unpaid minimum wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

89. In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## <u>COUNT III</u>
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

90. Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

91. Named Plaintiffs assert this claim on behalf of themselves and the FLSA Notice Group who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

92. Named Plaintiffs and the FLSA Notice Group are employees entitled to the FLSA's protections.

93. Defendants are joint employers covered by the FLSA.

94. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) in a workweek.

95. Named Plaintiffs and the FLSA Notice Group members employed by Defendants have worked over forty (40) hours in a workweek paid at a lower tipped hourly rate.

96. While employers may utilize a tip credit to satisfy their overtime obligations to tipped employees, they forfeit that right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

97. The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employe takes a tip credit. 29 U.S.C. § 203(m).

98. Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2); 29 C.F.R. §§ 531.54, 531.59.

99. Here, the companywide practice of unlawfully keeping employees' tips and permitting management and supervisors to keep employees' tips, Defendant has forfeited its right to utilize the tip credit in satisfying its overtime obligations.

100. The FLSA further prohibits employers from taking a tip credit if the employer allows non-customarily and regularly tipped employees in its mandatory tip pool. 29 U.S.C. § 203(m).

101. Defendants have violated this provision companywide by keeping tips received by Plaintiffs and the FLSA Notice Group Members and by allowing non-customarily and regularly tipped employees to participate in its mandatory tip pool.

102. As such, Defendants have violated the FLSA by failing to pay Named Plaintiffs and the FLSA Notice Group members of the FLSA Collective for all time worked in excess of 40 hours in a workweek at $10.88 per hour.

103. Further, under the FLSA, when an employer takes a tip credit, overtime must be calculated based on the full minimum wage, not the lower direct (or cash) wage payment. *See* 29 U.S.C. § 207.

104. Here, Defendants unlawfully calculated Plaintiffs' and the FLSA Notice Group members overtime rate at one-and-a-half times the lower direct wage payment under the relevant Ohio minimum wage, resulting in Plaintiff and the FLSA Notice Group not receiving at least $10.88 per hour for all time worked in excess of 40 hours in a workweek.

105. Named Plaintiffs and the FLSA Notice Group members are entitled to recover all unpaid overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

106. In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT IV
## VIOLATION OF THE OHIO CONSTITUTION, ARTICLE II, SECTION 34a

107. Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

108. Named Plaintiffs assert this claim on behalf of themselves and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

109. Named Plaintiffs and the Rule 23 Class are employees within the meaning of O.R.C. §§ 4111.14(B) and Oh. Const. Art. II, § 34a protected by the mandates of the Ohio Constitution.

110. Defendants are joint employers within the meaning of O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a required to comply with the mandates of the Ohio Constitution.

111. Article II, Section 34a of the Ohio Constitution and O.R.C. § 4111.02 entitle employees to a minimum hourly wage that increases each year (2023 — $10.10 per hour; 2022 — $9.30 per hour; 2021 — $8.80 per hour; 2020 — $8.70 per hour).

112. Article II, Section 34a of the Ohio Constitution permits employers to utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees.

113. In order to utilize the tip credit, an employer must comply with the requirements set forth in Section 3(m) of the FLSA, 29 U.S.C. § 203(m).

114. Section 3(m) of the FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

115. Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2).

116. Here, by unlawfully keeping and permitting management and supervisors to keep tips earned by Named Plaintiffs and the Rule 23 Class, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage obligations.

117. The FLSA further prohibits employers from taking a tip credit if the employer allows non-customarily and regularly tipped employees in its mandatory tip pool. 29 U.S.C. § 203(m).

118. Defendants have violated this provision companywide by keeping tips received by Named Plaintiffs and the FLSA Notice Group Members and by allowing non-customarily and regularly tipped employees to participate in its mandatory tip pool.

119. Employers also may not take a tip credit for work performed by a tipped employee that directly supports tip-producing work when it is done for a substantial amount of time. *See* 29 C.F.R. § 531.56.

120. Here, by utilizing a tip credit even when Named Plaintiffs and members of the FLSA Notice Group perform work that directly supports tip-producing work for a substantial amount of time, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations.

121.    Further, when not utilizing a tip credit during Plaintiffs' Off-Service Hours worked, Defendants compensated Named Plaintiffs and the Rule 23 Class at a rate below the relevant Ohio minimum wage, in violation of Ohio Wage Laws.

122.    As such, Defendants have violated O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a by paying Plaintiffs and the Rule 23 Class an hourly wage below the required minimum wage.

<u>**COUNT V**</u>
**VIOLATION OF THE OVERTIME REQUIREMENTS OF THE OHIO WAGE ACT**

123.    Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

124.    Named Plaintiffs assert this claim on behalf of themselves and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

125.    The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

126.    The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) in a workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

127.    At all times material to this Complaint, Defendants were joint "employers" covered by the Ohio Wage Act and thus has been required to comply with its mandates.

128.    At all times material to this Complaint, Named Plaintiffs and the Rule 23 Class were covered "employees" of Defendant pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

129.    At all times material to this Complaint, Defendants violated the Ohio Wage Act by repeatedly failing to compensate Named Plaintiffs and the Ohio Rule 23 Class for all hours worked

at the appropriate pay rate, including Defendants' repeated action of refusing to compensate Named Plaintiffs and the Rule 23 Class for all hours worked over forty (40) hours in a workweek at a rate not less than one-and-a-half times the appropriate regular rate (whether it was for overtime On-Service Hours worked or for overtime Off-Service Hours worked).

130. Named Plaintiffs and the Rule 23 Class are not exempt from the wage protections of Ohio law. During material times, Named Plaintiffs and the Rule 23 Class were not exempt from receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541 *et seq.*

131. In violating the Ohio Wage Act, Defendants' acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

132. Named Plaintiffs and the Rule 23 Class are entitled to unpaid overtime and other compensation, liquidated damages, interest, and attorneys' fees and expenses, and all other remedies available as compensation for Defendants' violations of O.R.C. § 4111.03, by which Plaintiffs and the Rule 23 Class have suffered and continue to suffer damages.

## <u>COUNT VI</u>
## VIOLATION OF THE OHIO PROMPT PAY ACT

133. Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

134. Named Plaintiffs assert this claim on behalf of themselves and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

135. At all times relevant to this Complaint, Defendants were Named Plaintiffs' and the Rule 23 Class's joint "employers" and were required to comply with the Ohio Prompt Pay Act's provisions. *See* O.R.C. § 4113.15.

136.     The OPPA provides that employers shall pay covered employees all wages, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

137.     At all times material to this Complaint, Defendants have refused to pay Named Plaintiffs and the Rule 23 Class all owed overtime wages at one and one-half (1 ½) times their normal hourly rate and all wages at the statutorily mandated minimum wage rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

138.     Named Plaintiffs and the Rule 23 Class's wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

139.     Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendants have otherwise exhibited a reckless disregard of the OPPA's provisions.

## COUNT VII
## CIVIL PENALTIES FOR CRIMINAL ACTS
## O.R.C. § 2307.60

140.     Plaintiffs  re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

141.     Named Plaintiffs assert this claim on behalf of themselves and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

142.     The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

143.     By its acts and omissions described herein, Defendants have willfully violated the FLSA, and Named Plaintiffs and the Rule 23 Class members have been injured as a result.

144.     O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

145. As a result of Defendants' willful violations of the FLSA, Named Plaintiffs and the Rule 23 Class members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## COUNT VIII
## UNJUST ENRICHMENT

146. Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

147. Named Plaintiffs assert this claim on behalf of themselves and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

148. Named Plaintiffs and the Rule 23 Class are tipped employees paid an hourly rate plus tips they earn from customers.

149. Defendants keep a portion of the tips earned by Named Plaintiffs and the Rule 23 Class.

150. Named Plaintiffs and the Rule 23 Class earn these tips and are entitled to keep them.

151. As a result, Defendants are unjustly enriched at their expense in the amount of tips they unlawfully keep.

152. It is against equity and good conscience to permit Defendants to benefit from these tips.

153. Thus, Defendants should be required to reimburse Named Plaintiffs and the Rule 23 Class in the amount of these tips.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs pray that this Court enter the following relief:

A. For an Order sending Court Supervised Notice to the FLSA Notice Group as defined herein and requiring Defendants to provide the names, addresses, e-mail

addresses, telephone numbers, and social security numbers of all putative collective action members;

B.   In the event the Defendants seek to have discovery on the issues of whether the FLSA Notice Group members are similarly situated to the Named Plaintiffs, that the Court issue an order tolling the FLSA statute of limitations for the FLSA Notice Group Members as of the filing of this Complaint.

C.   For an Order certifying the Rule 23 Class, under Fed. R. Civ. P. 23, as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative class action members;

D.   Designating Named Plaintiffs as representative for the Rule 23 Class and designating Plaintiffs' counsel as counsel for the Rule 23 Class;

E.   Issuing proper notice to the Rule 23 Class at Defendants' expense;

F.   Expectation and damages for all missed payments taken from or applied to Named Plaintiffs' and the similarly situated employees' pay;

G.   An order awarding Named Plaintiff, the FLSA Notice Group Members, and the Rule 23 Class back pay equal to the amount of all retained tips for three (3) years preceding the filing of this Complaint to the present, plus an additional equal amount in liquidated damages;

H.   Awarding Named Plaintiff and the Rule 23 Class members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the Ohio Prompt Pay Act, § 4113.15(A);

I.      An order enjoining Defendants from retaliating, via discrimination, against Named Plaintiffs, the FLSA Notice Group Members, and the Rule 23 Class members for their engaging in the protected action of complaining about pay practices.

J.      Compensatory and punitive damages under O.R.C. § 2307.60;

K.      Pre-judgment and post-judgment interest;

L.      A finding that Defendants have violated the FLSA, the Ohio Wage Act, and the OPPA and that Defendants have been unjustly enriched;

M.      A finding that Defendants' violations of the FLSA and the Ohio Wage Laws are willful and not in good faith;

N.      A judgment against Defendants and in favor of Named Plaintiffs, the FLSA Notice Group, and the Rule 23 Class for compensation for all unpaid and underpaid wages and tips that Defendants have failed and refused to pay in violation of the FLSA and the Ohio Wage Laws;

O.      Liquidated damages, treble damages, and monetary penalties to the fullest extent permitted under the FLSA and Ohio Wage Laws;

P.      A judgment against Defendants and in favor of Named Plaintiffs and the Rule 23 Class for restitution for all earned tips kept by Defendants and by which Defendants were unjustly enriched;

Q.      An award of costs and expenses in this action, together with reasonable attorneys' fees and expert fees; and,

R.      Any other relief to which the Named Plaintiffs, the FLSA Notice Group Members, and the Ohio Class Members may be entitled.

Dated: May 25, 2023

Respectfully submitted,

**BARKAN MEIZLISH DEROSE COX, LLP**

*/s/ Jacob A. Mikalov*
Jacob A. Mikalov (OH Bar No. 0102121)
Robert E. DeRose (OH Bar No. 0055214)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
jmikalov@barkanmeizlish.com
bderose@barkanmeizlish.com

*Counsel for Plaintiffs and the Putative Class
and Collective Members*


## JURY DEMAND

Plaintiffs request a trial by jury on all of their claims.

*/s/ Jacob A. Mikalov*
Jacob A. Mikalov (OH Bar No. 0102121)