# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ANTHONY HIGHMAN,** *et al.*,

    **Plaintiffs,**

v.

    **Case No. 2:23-cv-1757**
    **Judge Edmund A. Sargus, Jr.**
    **Magistrate Judge Elizabeth P. Deavers**

**NORTHSTAR CAFÉ EASTON, LLC,**
*et al.*,

    **Defendants.**

## ORDER

This matter is before the Court on a Joint Motion for Stipulated Court Supervised Notice and Approval of Settlement Pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA") and Preliminary Approval of the Ohio Rule 23 Second Chance Settlement filed by Named Plaintiffs Anthony Highman, Sarah Bates, and Sarah Taylor ("Named Plaintiffs"), thirteen current opt-in plaintiffs (together with Named Plaintiffs, Plaintiffs"), and Defendants. (Mot., ECF No. 35.) The Parties ask this Court to authorize Court-supervised notice of Plaintiffs' FLSA action to potential opt-in plaintiffs, to approve a settlement of Plaintiffs' FLSA claims, to certify a class under Rule 23 of the Federal Rules of Civil Procedure, and to preliminarily approve a settlement of Plaintiffs' class action claims. (*Id.*, PageID 265–67.)

The Parties' proposed settlement plan is thorough and comprehensive. But until the number of FLSA Collective Action Members (as defined in the settlement documents) and their proposed individual payments are ascertained, the Court does not have enough information to assess whether approval of the settlements and certification of the proposed Rule 23 class are appropriate at this stage. For this reason and for the other reasons stated in this Order, the Parties' Joint Motion is

**DENIED WITHOUT PREJUDICE**. (ECF No. 35.) The Parties must first file a new motion for Court-supervised notice of the FLSA action before seeking certification of the Rule 23 class and approval of the settlements.

I. **Factual Background and Proposed Settlement**

On May 25, 2023, Named Plaintiffs filed this action against Defendants Northstar Café Easton LLC and Northstar Café Westerville LLC. (ECF No. 1.) Named Plaintiffs amended the Complaint four times, adding several Defendants. (ECF Nos. 8, 11, 20, 34.) Per the most recent Complaint, filed April 14, 2024, Named Plaintiffs bring this action against Defendants on behalf of themselves and all current and former tipped employees who worked for Defendants in Ohio at any time between June 12, 2020, and May 24, 2023. (Fourth Am. Compl., ECF No. 34, PageID 229.)

Plaintiffs allege that on a companywide basis, Defendants underpaid tipped workers in violation of the FLSA, Ohio law, and the Ohio Constitution. (*Id.*, PageID 229–30.) They claim Defendants enforced an improper arrangement where employees' tips are pooled and distributed to workers who should not receive them and where tipped employees were underpaid for time spent performing non-tip-producing work. (*Id.*, ¶¶ 32–36, 43–48; Mot., PageID 263.) Plaintiffs raise several causes of action: unlawful retention of tips under the FLSA (Count I), violation of the minimum wage requirements of the FLSA (Count II), violation of the Ohio Constitution, Article II, Section 34a (Count III), FLSA and Ohio overtime violations (Count IV), violation of the Ohio Prompt Pay Act (Count V), and unjust enrichment (Count VI). (*See* Fourth Am. Compl.) Plaintiffs bring their Ohio law and common law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. (*Id.*, ¶ 73.)

The Parties reached a settlement agreement resolving all of Plaintiffs' claims in February

2

2024. (Settlement Agreement, ECF No. 35-1.) The Parties now ask this Court to approve their Settlement Agreement. (Mot., PageID 255–56.)

This action is brought as a hybrid FLSA action and Ohio Rule 23 class action. The Parties jointly ask this Court to issue Court-supervised notice of the FLSA action to the following group: "All current and former tipped employees who worked for Northstar Café at any time between June 12, 2020 through May 24, 2023 who were subject to the tip credit." (*Id.*, PageID 261–62.) The Parties also ask this Court to certify a class under Rule 23 for the sole purpose of facilitating the Settlement Agreement. (*Id.*, PageID 262–63, 282.)

Under the Parties' Settlement Agreement, the Named Plaintiffs and all the plaintiffs who timely opt-in to the FLSA component of the action would be considered the "FLSA Collective Action Members." (*Id.*, PageID 268.) The Rule 23 class would be comprised of anyone who was eligible for the FLSA action but did not opt into that action. (*Id.*, PageID 268–69.) Those individuals would be afforded an opportunity to opt out of the class action. (*Id.*) The Parties describe the Rule 23 class as a "second chance" class. (*Id.*) Essentially, the Parties agree that all employees receiving the FLSA notice are eligible to be a member of the Rule 23 class, but those recipients lose their class action eligibility by joining the FLSA action.

Payments to the FLSA Collective Action Members would be calculated first and would be based on each Member's actual weeks worked multiplied by an agreed-upon average weekly award of $23.84. (*Id.*, PageID 269–70.) Payments to the FLSA group are capped at a pre-determined total of $330,201.22, and if the payments hit that cap, all FLSA payments will be diluted *pro rata*. (*Id.*, PageID 270–71.) If the individual FLSA payments do not reach the total allocated to the FLSA fund, any leftover funds under that cap would spill over into the Rule 23 class fund, which is initially set at $153,734.65. (*Id.*, PageID 271–72.) Individual Rule 23 class

3

member payments will be distributed *pro rata* depending on class members' actual weeks worked and the number of class members. (*Id.*)

Notice would operate in two stages, rather than altogether. First, notice of the FLSA collection action would be sent to all potential FLSA Collective Action Members. (*Id.*, PageID 276–77.) Then, the Claims Administrator would calculate the individual payments for the FLSA Members and send that information to the Parties' respective counsel. (*Id.*) The Claims Administrator would then mail out notice of the "second chance" class action to any eligible employees who did not timely opt in to the FLSA collection action. (*Id.*)

In their Joint Motion, the Parties ask this Court to take several steps at once:

(1) Approve Court-supervised notice of the FLSA collective action;

(2) Certify a class under Rule 23, to include any eligible employees who did not opt-in to the FLSA collective action (subject to final approval after the fairness hearing);

(3) Approve the Parties' FLSA settlement agreement;

(4) Preliminarily approve the Parties' second chance class action settlement agreement and the class action settlement notice;

(5) Order and schedule a final class action fairness hearing;

(6) Approve the multi-step notice arrangement.

(Mot., PageID 265–67, 284, 295–96.)

## II. The Parties must seek Court-supervised notice of the FLSA action before proceeding.

The Parties ask this Court to approve the proposed settlement of Plaintiffs' FLSA claims before notice is authorized by this Court and distributed to potential plaintiffs. Given the structure of the proposed Settlement Agreement, the proposal to approve the Settlement concurrently with authorizing Court-supervised notice of the FLSA action poses two problems.

4

First, it is unclear whether Plaintiffs have the authority to settle FLSA claims on behalf of potential plaintiffs who have not yet received notice of the action. "[U]nlike a Rule 23 class action, an FLSA collective action is not representative—meaning that 'all plaintiffs in an FLSA action must affirmatively choose to become parties by opting into the collective action.'" *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023) (quoting *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 402 (6th Cir. 2021) (cleaned up)). In other words, "'other employees' become parties to an FLSA suit (as opposed to mere recipients of notice) only after they opt in and the district court determines—not conditionally, but conclusively—that each of them is in fact 'similarly situated' to the original plaintiffs." *Id.* (citing 29 U.S.C. § 216(b); *Canaday* at 403).

Because Plaintiffs do not act in a representative capacity on behalf of those who have not yet opted in to the action, the Court doubts whether Plaintiffs have the authority to settle the FLSA collective action on behalf of other potential plaintiffs who have not yet received Court-supervised notice of the action. *See Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003) (holding that until a recipient of FLSA-notice opts in to the action, they may not "be bound by or may benefit from judgment"); *Leigh v. Bottling Group LLC*, No. DKC 10-0218, 2011 WL 1231161, at *6–12 (D. Md. Mar. 29, 2011) (denying plaintiffs' unopposed motion for approval of an FLSA settlement on similar grounds where notice had not yet been approved or distributed to potential plaintiffs). A more gradual approach is appropriate.

Second, the Parties have designed a complex payment structure under which the Court cannot yet confidently assess the fairness of the FLSA and Rule 23 class action settlements. The Court may approve an FLSA settlement if there is a bona fide dispute under the FLSA that can be resolved by a settlement agreement, the agreement was reached through an arm's-length negotiation, and the agreement is fair, reasonable, and adequate. *Kritzer v. Safelite Solutions, LLC*,

5

No. 2:10-cv-729, 2012 WL 1945144, at *6 (S.D. Ohio May 30, 2012) (Frost, J.) (citing *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 381–82 (S.D. Ohio 2006) (Watson, J.)).

The Parties anticipate a high potential FLSA action opt-in rate of 40%, and the Court appreciates that they have anticipated different payment scenarios depending on the actual percentage of opt-ins. (ECF No. 35-5, PageID 391.) Still, given that there are over 1000 potential plaintiffs to whom notice may be sent, possibilities abound for the final count of FLSA Collective Action Members as compared to Rule 23 class members. (Mot., PageID 270.) And without knowing the number of FLSA Collective Action Members and the number of weeks they actually worked, the Court cannot discern the fairness of potential individual payments to them from the Settlement Agreement's pre-determined pool of FLSA funds. The Court is concerned, for instance, that, given the cap on the FLSA fund, a high opt-in rate may cause FLSA Collective Action Members' payments to be diluted so much as to threaten the overall fairness of the arrangement. This concern grows considering how the class action fund may fluctuate depending on the actual number of FLSA opt-ins and the number of weeks they worked.

Simply put, it is too early to tell whether the overall arrangement meets the fairness and reasonableness requirements necessary for the Court approve an FLSA settlement and to preliminarily approve a class action settlement, especially given the interdependent nature of this hybrid 29 U.S.C. § 216(b) FLSA collective and Rule 23 "second chance" class action.

The Court permits the Parties to proceed with the settlement by first filing a renewed motion for Court-supervised notice of the FLSA action, with supporting documents. The notice proposed by the Parties in its current form (ECF No. 35-1, PageID 337–340) is insufficient and must be amended and resubmitted with the renewed motion. The Parties may state that a settlement agreement regarding the FLSA action has been reached by the Parties, but the notice must clarify

6

that the settlement will not take effect without this Court's final approval. The notice should make clear that no settlement of the FLSA action has been approved by this Court and that a decision whether to approve the settlement will be made by the Court following a process by which all potential plaintiffs will have the opportunity to opt-in to the action and to object to the approval of the settlement. Further, the statement that the notice is "AUTHORIZED[] BY JUDGE EDMUND A. SARGUS . . ." should be removed from the header. A similar statement may be made in the body of the notice.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the Parties' Joint Motion for Stipulated Court Supervised Notice and Approval of Settlement Pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA") and Preliminary Approval of the Ohio Rule 23 Second Chance Settlement. (ECF No. 35.)

The Parties are **DIRECTED** to file a new motion for Court-authorized notice **within 14 days of this Order**. After the opt-in period has closed and the total number of FLSA Collective Action Members and the amounts of their individual payments have been determined, the Parties may file a renewed motion for Court-approval of the settlement of the FLSA action, Rule 23 class certification, notice to the Rule 23 class, and preliminary approval of the class action settlement. The Court will determine whether to approve that motion based in part on the fairness of the FLSA payments, the final total of the class fund, the number of potential class members, and other relevant factors.

This case remains open.

**IT IS SO ORDERED.**

**2/4/2025**　　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

7