UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY HIGHMAN, *et al.*,

      Plaintiffs,

  v.

NORTHSTAR CAFÉ EASTON, LLC, *et al.*,

      Defendants.

Case No. 2:23-cv-1757
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

This matter is before the Court on a Joint Motion for Court Approval of Fair Labor Standards Act ("FLSA") Notice brought by Named Plaintiffs Anthony Highman, Sarah Bates, and Sarah Taylor, eleven opt-in plaintiffs, and Defendants Northstar Café Easton, LLC, Northstar Café Westerville, LLC, Northstar Café Liberty, LLC, Northstar Café Shaker Heights, LLC, Northstar Café Short North, LLC, Northstar Café, LLC, and Organic Trails Cafes, LLC. (Mot., ECF No. 38.) The Parties move this Court to approve notice of this FLSA action to a group of employees that the Parties agree are similarly situated to Named Plaintiffs. The Court finds there is a strong likelihood that Named Plaintiffs and the proposed notice group are similarly situated. Additionally, the Court approves of the Parties' proposed notice and consent forms. Accordingly, the Court **GRANTS** the Joint Motion.

**BACKGROUND**

On May 25, 2023, Named Plaintiffs filed this action against Defendants Northstar Café Easton LLC and Northstar Café Westerville LLC. (ECF No. 1.) Named Plaintiffs amended the Complaint four times, adding several Defendants. (ECF Nos. 8, 11, 20, 34.) Per the most recent

Complaint, filed April 14, 2024, Named Plaintiffs bring this action against Defendants on behalf of themselves and all current and former tipped employees who worked for Defendants in Ohio at any time between June 12, 2020, and May 24, 2023. (Fourth Am. Compl., ECF No. 34, PageID 229.)

Plaintiffs allege that on a companywide basis, Defendants underpaid tipped workers in violation of the FLSA, Ohio law, and the Ohio Constitution. (*Id.*, PageID 229–30.) They claim Defendants enforced an improper arrangement where employees' tips were pooled and distributed to workers who should not have received them and where tipped employees were underpaid for time spent performing non-tip-producing work. (*Id.*, ¶¶ 32–36, 43–48; ECF No. 35, PageID 263.) Plaintiffs raise several causes of action: unlawful retention of tips under the FLSA (Count I), violation of the minimum wage requirements of the FLSA (Count II), violation of the Ohio Constitution, Article II, Section 34a (Count III), FLSA and Ohio overtime violations (Count IV), violation of the Ohio Prompt Pay Act (Count V), and unjust enrichment (Count VI). (*See* Fourth Am. Compl.) Plaintiffs bring their Ohio law and common law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. (*Id.*, ¶ 73.)

This action is brought as a hybrid FLSA action and Ohio Rule 23 class action. The Parties reached a settlement agreement resolving all Plaintiffs' claims in February 2024. (Settlement Agreement, ECF No. 35-1.) Under the Parties' Settlement Agreement, the Named Plaintiffs and all the plaintiffs who timely opt into the FLSA component of the action will be considered the "FLSA Collective Action Members." (*Id.*, PageID 268.) The Rule 23 class will be comprised of anyone who was eligible for the FLSA action but did not opt into that action. (*Id.*, PageID 268–69.) Those individuals may opt out of the class action. (*Id.*) The Parties describe the Rule 23 class as a "second chance" class. (*Id.*) Essentially, the Parties agree that all employees receiving the

FLSA notice are eligible to be a member of the Rule 23 class, but those recipients lose their class action eligibility by joining the FLSA action.

The Parties moved this Court to approve court-authorized notice, to certify a Rule 23 class, and to approve the settlement agreement all in one motion. (ECF No. 35.) The Court denied the motion, concluding that "it is too early to tell whether the overall arrangement meets the fairness and reasonableness requirements necessary for the Court approve an FLSA settlement and to preliminarily approve a class action settlement." (ECF No. 37, PageID 402.) The Court ordered the Parties to file for court-authorized notice in a separate motion. (*Id.* PageID 403.)

The Parties then filed this Joint Motion. (Mot.) They now ask this Court to authorize notice of the FLSA action to the following group: "All current and former tipped employees who worked for Northstar Café at any time between June 12, 2020, through May 24, 2023, who were subject to the tip credit." (*Id.* PageID 405.) The Parties attached a copy of the proposed FLSA notice (ECF No. 38-1) and the opt-in consent form (ECF No. 38-2). At the time the Parties filed the Joint Motion, eleven additional plaintiffs had opted into the FLSA action. (Mot., PageID 406.)

**LEGAL STANDARD**

The FLSA requires employers to pay a federal minimum wage and overtime to certain employees. 29 U.S.C. §§ 206(a), 207(a). Employees can sue for alleged violations of those mandates on "behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). Similarly situated employees can "opt into" a collective action by filing written consent. *Id.*; *Polen v. JSW Steel USA Ohio, Inc.*, 699 F. Supp. 3d 622, 626 (S.D. Ohio 2023) (Marbley, J.) (citation omitted). To make potential plaintiffs aware of the lawsuit, and thus able to opt in, courts may facilitate notice of the suit to other employees who are similarly situated to the named plaintiff(s). *Polen*, 699 F. Supp. 3d at 626. Later, "when merits discovery is complete . . . the court takes a

3

closer look at whether those 'other employees' are, in fact, similarly situated to the original plaintiffs." *Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003, 1008 (6th Cir. 2023). If so, then the court grants "'final certification' for the case to proceed to decision as a collective action." *Id.*

For the Court to authorize notice to other employees who are potential plaintiffs, "plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves"—a familiar likelihood standard, "analogous to a court's decision whether to grant a preliminary injunction." *Clark*, 68 F.4th at 1010–11. This preliminary "similarly situated" determination is limited to authorizing notice and "has zero effect on the character of the underlying suit." *Id.* at 1009. The initial, notice-stage determination is subject to more lenient scrutiny than the final determination of whether the other employees are, in fact, similarly situated. *See id.* at 1010–11 (differentiating between the thresholds for notice versus a conclusive determination of similarity). This is so because the court-facilitated notice step occurs while "the body of evidence is necessarily incomplete." *Creely v. HCR ManorCare, Inc.*, 920 F. Supp. 2d 846, 851 (N.D. Ohio 2013) (internal quotation marks omitted) (citation omitted); *see Clark*, 68 F.4th at 1010, 1012. Ultimately, the "[strong likelihood] standard requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Clark*, 68 F.4th at 1011.

Potential plaintiffs can be similarly situated where their claims are "unified by common theories of defendants' statutory violations," such as "a single, FLSA-violating policy[.]" *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 585 (6th Cir. 2009) (noting, however, that "a 'unified policy' of violations is not required"), *abrogated on different grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016). This is so even though "proofs of these theories are inevitably

4

individualized and distinct," such that "proof of a violation as to one particular plaintiff does not prove that the defendant violated any other plaintiff's rights under the FLSA." *Id.* In this way, named plaintiffs and potential plaintiffs' situations must be similar, not identical. *See Hogan v. Cleveland Ave Rest., Inc.*, 690 F. Supp. 3d 759, 775–76 (S.D. Ohio 2023) (Marbley, C.J.). Indeed, "at the conditional certification stage, the Court does not consider the merits of the claims, resolve factual disputes, or decide substantive issues." *Colley v. Scherzinger Corp.*, 176 F. Supp. 3d 730, 733–34 (S.D. Ohio 2016) (Beckwith, J.).

## ANALYSIS

At this stage, "a variety of factors"—none of which is dispositive—govern the "similarly situated" inquiry, including: (1) the "factual and employment settings of the individual[ ] plaintiffs"; (2) "the different defenses to which the plaintiffs may be subject on an individual basis"; (3) "the degree of fairness and procedural impact of certifying the action as a collective action," *O'Brien*, 575 F.3d at 584 (internal quotations and citations omitted), and (4) "whether potential plaintiffs were identified"; (5) "whether affidavits of potential plaintiffs were submitted"; and (6) "whether evidence of a widespread . . . plan was submitted." *Hogan*, 690 F. Supp. 3d at 776 (international quotations and citations omitted).

Named Plaintiffs allege that, based on companywide policies, Defendants paid them and the tipped employees in the proposed notice group less than the applicable federal and Ohio minimum wages. (Mot., PageID 406–07.) Named Plaintiffs also allege that Defendants did not pay overtime pay that was owed to them and maintained an illegal tip pool. (*Id.* PageID 407.) Defendants do not concede that they violated the FLSA or any other laws, but they stipulate "that Named Plaintiffs and those they seek to represent (1) were all servers for Defendant; (2) were classified as minimum wage exempt for tip-credit purposes; and (3) were paid a tipped wage."

5

(*Id.*)

The Court finds that the Parties have adequately demonstrated a strong likelihood that Named Plaintiffs are similarly situated to the other employees in the proposed notice group. The tipped employees all held the same job position, were employed by Defendants at some point during the proposed notice period, were paid a tipped wage in the same manner, and were subject to the same allegedly FLSA-violating companywide polices. Potential plaintiffs have been identified, and eleven have already joined the action. There is no dispute that the companywide policies at issue were part of a widespread plan that Named Plaintiffs allege violated federal and state wage laws.

Accordingly, notice is **AUTHORIZED** to the following group as proposed by the Parties:

**All current and former tipped employees who worked for Northstar Café at any time between June 12, 2020, through May 24, 2023, who were subject to the tip credit.**

Additionally, the Court finds that the proposed FLSA notice form (ECF No. 38-1) and the opt-in plaintiff consent form (ECF No. 38-2) are satisfactory. The Parties sufficiently addressed the concerns raised by the Court in its previous Order (ECF No. 37, PageID 402–03). The forms are **APPROVED**.

## CONCLUSION

The Court **GRANTS** the Joint Motion for Court Approval of FLSA Notice filed by Plaintiffs and Defendants. (Mot., ECF No. 38.) Notice of this FLSA action is **AUTHORIZED** in accordance with this Order. The Parties suggest the following timeline for processing the notice. The Court agrees and **ORDERS** the following:

- Within 14 days of this Order, Defendants shall provide the Claims Administrator a spreadsheet containing the names, last known addresses,

6

zip codes, cell phone numbers, and personal email addresses (to the extent known) of the potential opt-in plaintiffs.

- The Claims Administrator will mail the approved notice and consent forms to the potential opt-in plaintiffs via First Class mail within 14 days of receiving the list. If the mail is undeliverable, notice may be sent by email.

- The potential opt-in plaintiffs shall have 30 days from the date the notice and consent forms are sent to return their FLSA Claim Form and opt into this case.

This case remains open.

**IT IS SO ORDERED.**

**2/27/2025**                                                s/Edmund A. Sargus, Jr.
**DATE**                                                          **EDMUND A. SARGUS, JR.**
                                                                  **UNITED STATES DISTRICT JUDGE**