# Exhibit A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

ANTHONY W. HIGHMAN, on behalf of
himself and all other similarly situated
individuals,

        Plaintiffs,

v.

NORTHSTAR CAFE EASTON LLC, *et al.*,

        Defendants.

Case No.  2:23-cv-1757-EAS-EPD

Judge Edmund A. Sargus, Jr.

Magistrate Judge Elizabeth Preston Deavers

---

### SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between Named Plaintiffs Anthony W. Highman, Sarah Bates and Sarah Taylor, on behalf of themselves and all others similarly situated, all of whom are represented by Barkan, Meizlish, DeRose, Cox, LLP ("Barkan Meizlish, LLP") and Northstar, represented by Dinsmore & Shohl LLP.

**1.**    **DEFINITIONS**

The terms set forth below shall have the meanings defined in this Section wherever used in this Agreement and in all of its Exhibits.

    **1.1.**    "Agreement" refers to this Settlement Agreement.

    **1.2.**    "Attorney Fees and Expenses Payment" means the amount of money, two hundred eighty-six thousand sixty-four dollars and 13 cents ($286,064.13) to be paid to Class Counsel, subject to Court approval.

    **1.3.**    The Average Total Award" means the Average Weekly Award multiplied by the Average Weeks Worked, or $730.53.

#42422951v8

*AH*        *SB*        *ST*

**1.4.** "Average Weekly Award" means the average weekly amount of unpaid wages calculated by dividing the Total Settlement Amount ($835,000.00) by the number of weeks the Total Class worked in the Calculation Period (35,018) for a quotient of $23.84.

**1.5.** "Average Weeks Worked" means the total number of weeks the Total Class worked in the Calculation Period (35,018) divided by 1143, which is 30.64 weeks.

**1.6.** "Calculation Period" means the period from June 12, 2020 through May 24, 2023.

**1.7.** "Charity" means Mid-Ohio Food Collective.

**1.8.** The "Civil Action" means the above-captioned case, inclusive of the federal claims pursuant to the federal Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq*. and the Ohio state law claims pursuant to the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code §§ 4111.01, 4111.03 and 4111.10 ("the Ohio Wage Act"), the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15 ("the OPPA"), and other legal protections under Ohio law (the Ohio law basis for the Action will collectively be referred to herein as "the Ohio Acts").

**1.9.** "Claims Administrator" means Rust Consulting.

**1.10.** "Claim Representative's Service Awards" means the ten thousand dollars and no cents ($10,000.00) each Named Plaintiff receives for bringing this Action and their assistance in prosecuting the claim and achieving a resolution.

**1.11.** "Class Counsel" means Robert E. DeRose of Barkan Meizlish DeRose Cox, LLP.

**1.12.** "Court" means the United States District Court for the Southern District of Ohio, Eastern Division, Columbus, Ohio, Judge Edmund A. Sargus, Jr. presiding.

**1.13.** "Current Plaintiffs" mean the three (3) Named Plaintiffs and the thirteen (13) current Opt-in Plaintiffs who have filed their Notice of Consent to Join this Lawsuit as of April 15, 2024.

*AH*        *SB*        *ST*

**1.14.** "Current Plaintiffs' Subtotal" means the total amount of the Current Plaintiffs' Individual Payments.

**1.15.** "Defense Counsel" means Jan E. Hensel, H. Devon Collins, and Jeremy D. Smith of Dinsmore & Shohl LLP.

**1.16.** "Effective Date" means the date upon which all of the following have occurred: (1) entry of final approval orders as defined in ¶ 1.18 and ¶ 1.41; (2) issuance of an order directing the dismissal of the Civil Action and the entry of judgment; and (3) the expiration of the appeal rights of any party.

**1.17.** "Fees, Costs, Service Award Subtotal" means the total of the Class Counsel's attorneys' fees and out-of-pocket expenses, litigation costs, the Claims Administrator's fees and costs, and the Named Plaintiffs' Service Awards. This Amount is currently calculated as three hundred fifty-one thousand sixty-four dollars and thirteen cents ($351,064.13).

**1.18.** "Final Approval Order," the proposed version is attached as **Attachment 1,** means the Order entered by this Court approving the terms of the Ohio Rule 23 Second Chance Settlement described in this Agreement following submission to the Court of the Parties' Joint Motion.

**1.19.** "FLSA Collective Action Members" means the Current Plaintiffs and the FLSA Settlement Opt-In Plaintiffs collectively.

**1.20.** "FLSA Claim Form" means in a form substantially similar to the attached **Attachment 2,** the form the Putative Opt-in Plaintiffs must return to the Claims Administrator within the Section 216(b) Notice Period to receive an Individual Payment from the Section 216(b) Settlement Group Sub-Net Settlement Amount.

*AH*          *SB*          *ST*

**1.21.** "FLSA Notice Form" means the form substantially similar to the attached **Attachment 3**, which will provide a summary of the basis for the FLSA Settlement to the Putative Opt-In Plaintiffs.

**1.22.** "FLSA Notice Packet" means the FLSA Notice Form and the FLSA Claim Form collectively.

**1.23.** "FLSA Settlement" means the portion of the Agreement that provides Individual Payments to the Current Plaintiffs and the FLSA Settlement Opt-In Plaintiffs.

**1.24.** "FLSA Settlement Opt-In Plaintiffs" means those Putative Opt-in Plaintiffs who timely return their FLSA Claim Form to the Claims Administrator within the Section 216(b) Notice Period.

**1.25.** "Individual Payments" means the amount each Settlement Class Member receives from the Net Settlement Amount.

**1.26.** "Joint Motion" means the Parties Joint Motion for Stipulated Court Supervised Notice and Approval of Settlement Pursuant to Section 216(b) of the Fair Labor Standards Act and Preliminary Approval of the Ohio Rule 23 Second Chance Settlement.

**1.27.** "Named Plaintiffs" or "Class Representatives" means Plaintiffs Anthony W. Highman, Sarah Bates and Sarah Taylor.

**1.28.** "Net Settlement Amount" means Total Settlement Amount minus amounts approved by the Court for Class Counsel's attorneys' fees and out-of-pocket expenses, litigation costs, the Claims Administrator's fees and costs, and the Named Plaintiffs' Service Awards. The Net Settlement Amount is four hundred eighty-three nine hundred thirty-five dollars and eighty-seven cents ($483,935.87).

4

*AH*        *SB*        *ST*

1.29.     "Northstar" and "the Companies" means Defendants Northstar Café Easton LLC, Northstar Café Westerville LLC, Northstar Café Liberty LLC, Northstar Café Shaker Heights LLC, Northstar Café Short North LLC, Northstar Café LLC, and Organic Trails Cafes LLC.

1.30.     "Notice Percentage" means the percentage of Putative Opt-in Plaintiffs who timely file their FLSA Claim Forms to the Claims Administrator within the Section 216(b) Notice Period.

1.31.     "Ohio Rule 23 Second Chance Settlement" means the portion of the Agreement that provides Individual Payments to the Putative Opt-in Plaintiffs who did not timely return their FLSA Claim Form to the Claims Administrator within the Section 216(b) Notice Period.

1.32.     "Ohio Rule 23 Second Chance Settlement Class" or "Ohio Rule 23 Second Chance Settlement Class Members" means the Putative Opt-in Plaintiffs who did not timely return their FLSA Claim Form to the Claims Administrator within the Section 216(b) Notice Period.

1.33.     "Ohio Rule 23 Second Chance Settlement Class Sub-Net Settlement Amount" means the amount of funds after the FLSA Collective Action Members' Individual Payments are calculated. The Ohio Rule 23 Second Chance Settlement Class Sub-Net Settlement Amount is initially funded with one hundred fifty-three thousand seven hundred thirty-four dollars and sixty-five cents ($153,734.65) by deducting the Section 216(b) Settlement Group Sub-Net Settlement Amount from the Net Settlement Amount. Any funds remaining from the Section 216(b) Settlement Group Sub-Net Settlement Amount after the FLSA Collective Action Members are allocated their Individual Payments will be added to the Ohio Rule 23 Second Chance Settlement Class Sub-Net Settlement Amount.

*AH*          *SB*          *ST*

**1.34.** "Ohio Rule 23 Second Chance Settlement Claim Period" means the thirty (30) days following the postmark on the Ohio Rule 23 Second Chance Settlement Notice in which the Ohio Rule 23 Second Chance Settlement Class has to opt-out of the Ohio Rule 23 Second Chance Settlement.

**1.35.** "Ohio Rule 23 Second Chance Settlement Notice" means in the form attached as **Attachment 6,** which will provide a summary of the basis for the Ohio Rule 23 Second Chance Settlement to the Ohio Rule 23 Second Chance Settlement Class.

**1.36.** "Parties" means the Current Plaintiffs and Northstar.

**1.37.** "Preliminary Approval Order," attached as **Attachment 4**, means the Order entered by this Court preliminarily approving the Ohio Rule 23 Second Chance Settlement described in this Agreement following submission to the Court of the Parties' Joint Motion.

**1.38.** "Putative Opt-In Plaintiffs" means all current and former tipped employees of Northstar who have worked at any time between June 12, 2020 through May 24, 2023, in the State of Ohio, excluding the Current Plaintiffs.

**1.39.** "Qualified Settlement Fund" and "QSF" mean the fund created by the Claims Administrator for purposes of making all payments under the Agreement. Northstar will fund the QSF within twenty-one (21) business days after the Court grants Final Judgment and Approval of Agreement, with the Total Settlement Amount due under the Agreement. Prior to funding the QSF, Northstar shall have no obligation to segregate the funds comprising the Total Settlement Amount, which Northstar shall retain exclusive authority over, prior to transfer to the QSF.

**1.40.** "Released Parties" means the Defendants Northstar Café Easton LLC, Northstar Café Westerville LLC, Northstar Café Liberty LLC, Northstar Café Shaker Heights LLC, Northstar Café Short North LLC, Northstar Café LLC, and Organic Trails Cafes LLC, and the

*AH*   *SB*   *ST*

predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, members, shareholders, general partners, limited partners, owners, beneficiaries, representatives, heirs, attorneys, assigns (including without limitation, any investors, trusts, or other similar or affiliated entities) and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Civil Action.

1.41. "Section 216(b) Approval Order," the proposed version is attached as **Attachment 5,** means the Order entered by this Court approving the terms of FLSA Settlement pursuant to 29 U.S.C. § 216(b) and granting Court Supervised Notice to the Putative Opt-in Plaintiffs described in this Agreement following submission to the Court of the Parties' Joint Motion.

1.42. "Section 216(b) Released Claims" and "Ohio Rule 23 Released Claims" have the meaning ascribed to them in ¶ 5.1 of this Agreement.

1.43. "Section 216(b) Settlement Group Sub-Net Settlement Amount" means the amount of funds to pay the FLSA Collective Action Members. The Section 216(b) Settlement Group Sub-Net Settlement Amount was calculated by 1) multiplying the Class Size by a 40% Notice Percentage which resulted in 452 potential FLSA Collective Action Members, and 2) multiplying the Average Total Award by 452. The total is three hundred thirty thousand two hundred one dollars and twenty-two cents ($330,201.22) which was deducted from the Net Settlement Amount.

1.44. "Section 216(b) Notice Period" means the thirty (30) days following the postmark on the §216(b) Notice Packet in which a Putative Opt-in Plaintiff has to return an executed FLSA Claim Form to the Claims Administrator.

7

*AH*          *SB*          *ST*

**1.45.** "Settlement Class Members" means the FLSA Collective Action Members and Ohio Rule 23 Second Chance Settlement Class Members collectively.

**1.46.** "Total Class" or 'Total Class Members" means the eleven hundred forty-three (1143) current and former Northstar Café tipped employees, including the Current Plaintiffs, who worked during the Calculation Period.

**1.47.** "Total Settlement Amount" means the full amount due under the Agreement, eight hundred thirty-five thousand dollars and no cents ($835,000.00), inclusive of attorneys' fees, costs, expenses, court-approved enhancement awards for the Named Plaintiffs, the Claims Administrator's fees and expenses, and payroll withholdings/taxes. ($835,000.00).

## 2. **RECITALS AND SETTLEMENT TERMS**

**2.1.** This case is a FLSA collective action, and an Ohio Acts Rule 23 class action brought by the Named Plaintiffs on behalf of current and former tipped employees of Northstar. The Named Plaintiffs are former tipped employees of Northstar. The Named Plaintiffs' claim, *inter alia*, that, Northstar failed to pay them appropriately based on regulations for tip credit, minimum wage, and overtime compensation. 29 U.S.C. §§201 *et seq*. and O.R.C. §§4111.01, *et seq*. The Named Plaintiffs seek compensation from Northstar for unpaid overtime and wages under the FLSA and the Ohio Wage Act. Additionally, Named Plaintiffs seek liquidated damages, interest under the OPPA, O.R.C § 4113.15, litigation costs, expenses, reasonable attorneys' fees, Class Representative Service Awards, and further relief as this Court deems just and proper.

**2.2.** During the pendency of this action, Northstar provided Class Counsel relevant payroll information. Class Counsel reviewed the extensive payroll information and tip information for the Named Plaintiffs and seven (7) of the current Opt-in Plaintiffs on file. Class

*AH*    *SB*    *ST*

Counsel created an extensive damages model based on calculations that relied on data derived from a known set of the Named Plaintiffs and seven (7) of the current Opt-in Plaintiffs on file that was extrapolated for the FLSA Class Members. The parties to this action and their representatives participated in a mediation before Jerome F. Weiss, Esq. in Columbus, Ohio on October 18, 2023. Although mediation was not successful, following mediation, the parties reached an agreement concerning the essential terms of settlement, subject to preparation and execution of a comprehensive written settlement and release agreement, and further subject to approval by the Court.

2.3.    It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes for any cause of action, claims, debts, contracts, agreements, obligations, liabilities, suits, losses, or demands whatsoever for (1) unpaid minimum wage, regular wage, and overtime wages, penalties, liquidated damages, costs, attorneys' fees, Class Representative Service Awards, and any other relief under the FLSA and the Ohio Acts; and (2) any alleged improper deduction from wages under the FLSA and the Ohio Acts.

2.4.    It is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release of all Released Claims against all Released Parties.

2.5.    In exchange for (a) the dismissal of the claims alleged in the Civil Action with prejudice; (b) the Releases described in ¶ 5 of this Agreement; and (c) otherwise subject and pursuant to the terms and conditions of this Agreement, Northstar has agreed to pay a sum of $835,000.00, as the Total Settlement Amount for purposes of compensating all FLSA Collective Action Members and Ohio Rule 23 Second Chance Settlement Class Members. The Total Settlement Amount shall be allocated as follows:

*AH*        *SB*        *ST*

**a)**     The Total Settlement Amount is intended to be all inclusive and includes specifically amounts approved by the Court for Class Counsel's attorneys' fees and out-of-pocket expenses, litigation costs, the Claims Administrator's fees and costs, employee-share payroll withholdings/taxes, and Claims Representative's Service Awards for the Named Plaintiffs—the remaining funds shall constitute the Net Settlement Amount.

**b)**     Class Counsel shall be paid no more than $286,064.13 for attorney fees and reasonable costs expended in litigating the Class Actions. Defendant agrees not to oppose any application or motion by Class Counsel for attorneys' fees and costs up to this amount, and Class Counsel agrees not to petition the Court for any additional payments for fees, costs, or interest. The payment approved by the Court pursuant to this subparagraph, whether in the amount sought by Class Counsel or less as determined by the Court, shall constitute full satisfaction of Defendant's and/or any of the Released Parties' obligations to pay amounts to any person, attorney, or law firm for attorneys' fees, expenses, or costs incurred on behalf of the Plaintiffs and/or the Settlement Class, and shall relieve the Released Parties from any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses, and/or costs to which any of them may claim to be entitled on behalf of the Settlement Class Members. If the Court approves a lesser amount of fees and expenses than that which is sought by Class Counsel, the Parties may not void this Agreement on that basis. Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made pursuant to this subparagraph and agrees to indemnify and hold harmless Defendant from any claim or liability for taxes, penalties, or interest for which Class Counsel is responsible as a result of the payment or any allocation of the payment made pursuant to this subparagraph. Class Counsel further agrees that any allocation of fees between or among Class Counsel and any other attorney

*AH*          *SB*          *ST*

representing or purporting to represent Plaintiffs and/or the Settlement Class shall be the sole responsibility of Class Counsel. An IRS Form 1099 shall be provided by the Claims Administrator to Class Counsel for the total payment made to each pursuant to this subparagraph.

        **c)**      The FLSA Collective Action Members' Individual Payments will be calculated multiplying their actual number of weeks they worked during the Calculation Period by the Average Weekly Award. The FLSA Collective Action Members' Individual Payments shall be paid from the §216(b) Settlement Group Sub-Net Settlement Amount. The FLSA Collective Action Members' Individual Payments will be divided 50% to alleged unpaid wages and 50% to alleged non-wages. If the total of the actual number of weeks the FLSA Collective Action Members worked when multiplied by the Average Weekly Award exceeds the Section 216(b) Settlement Group Sub-Net Settlement Amount, then the FLSA Collective Action Members' awards will be reduced *pro rata*. If the total of the actual number of weeks the FLSA Collective Action Members worked when multiplied by the Average Weekly Award is less than the Section 216(b) Settlement Group Sub-Net Settlement Amount, then the remainder is added to the Ohio Rule 23 Second Chance Settlement Class Sub-Net Settlement Amount.

        **d)**      The Ohio Rule 23 Second Chance Settlement Class Members will receive a *pro rata* portion of the Ohio Rule 23 Second Chance Settlement Class Sub-Net Settlement Amount, based on the number of weeks they actually worked during the Calculation Period. To do that, the Claims Administrator will calculate the total number of workweeks applicable to the Ohio Rule 23 Second Chance Settlement Class Members based on data provided by Northstar and will divide the Ohio Rule 23 Second Chance Settlement Class Sub-Net Settlement Amount by that number. The quotient from that equation will be the workweek value for the Ohio Rule

#42422951v8

*AH*            *SB*            *ST*

23 Second Chance Settlement Class. Each Ohio Rule 23 Second Chance Settlement Class Member will subsequently have their respective number of workweeks multiplied by that workweek value to determine their Individual Payments. The Ohio Rule 23 Second Chance Settlement Class Member' Individual Payments will be divided 50% to alleged unpaid wages and 50% to alleged non-wages.

     **e)**     To the extent any portion of the Individual Payments remain unclaimed (such that a check was not deposited before the void date or an individual elects to opt-out of the Ohio Rule 23 Second Chance Settlement), those funds shall be paid to the Charity as the *cy pres* recipient.

     **2.6.**     The cost for the Claims Administrator's services is currently estimated not to exceed $35,000.00 and will be deducted from the Total Settlement Amount subject to court approval.

     **2.7.**     Northstar shall pay any required employer's share of payroll taxes with respect to the Settlement to Class Members, which will not be deducted from the Total Settlement Amount.

     **2.8.**     The parties shall cooperate in the formal steps necessary to carry out the terms set forth in this Agreement, which is subject to approval by the Court in the Civil Action.

     **2.9.**     All FLSA Collective Action Members will be bound as applicable by the terms and conditions of this Agreement, the Section 216(b) Approval Order, the judgment, and the releases set forth herein and will be deemed to have waived all objections and oppositions to the fairness, reasonableness, and adequacy of the settlement.

     **2.10.**     From and after the execution of this Agreement, the Named Plaintiffs and Class Counsel agree not to make any public statements concerning the Settlement or Action other than information reflected in the public record or as required by law. The Settlement Class Members

*AH*          *SB*          *ST*

and Class Counsel agree not to hold any press conference or initiate any contact with the media regarding the Class Action or this settlement. If, however, the media contacts Class Counsel or Northstar regarding the Settlement Agreement, Class Counsel and Northstar agree to limit statements to the statement set forth in the attached **Attachment 7**.

    **2.11.** Named Plaintiffs will each receive ten thousand dollars and no cents ($10,000.00) as Claim Representative's Service Awards for bringing this Action and their valuable assistance in prosecuting the claim and achieving a resolution. Claim Representative's Service Awards are not to exceed thirty thousand dollars and no cents ($30,000.00) in the aggregate.

**3.**     **APPROVAL AND NOTICE PROCEDURES**

    **3.1**     The Parties agree to seek Court approval of this Agreement. The parties agree to seek such approval by filing no later than April 15, 2024, the following:

        **a)**     This Agreement with Exhibits to the Court; and,

        **b)**     The Joint Motion with a proposed Section 216(b) Approval Order and a proposed Preliminary Approval Order.

    **3.2**     **Notice and Claims Procedure for FLSA Collective Action Members.**

        **a)**     Not later than fourteen (14) days after the date of the Court's issuance of the Section 216(b) Approval Order, Northstar shall provide the Claims Administrator with an Excel chart listing the names, last known addresses, social security numbers, telephone numbers and the weeks worked during the Calculation Period of the Putative Opt-in Plaintiffs. All information provided regarding the Putative Opt-in Plaintiffs will be treated by the Claims Administrator as confidential information. Class Counsel and Defense Counsel shall jointly provide the Claims Administrator with the FLSA Notice Packet.

*AH*          *SB*          *ST*

**b)** Within fourteen (14) days after receipt of the Putative Opt-in Plaintiffs' information, the Claims Administrator shall mail the FLSA Notice Packet, via First Class United States mail, and a pre-addressed return envelope (collectively, "the FLSA Notice Packet") to each Putative Opt-in Plaintiff. The Putative Opt-in Plaintiffs will have thirty (30) days to return their FLSA Claim Form to the Claims Administrator. The Putative Opt-in Plaintiffs who return their FLSA Claim Forms timely will become FLSA Settlement Opt-In Plaintiffs. If any FLSA Notice Packet is returned as undeliverable, the Claims Administrator shall promptly advise the Parties and attempt to locate such Putative Opt-in Plaintiff through an electronic search using the former address of that person and shall promptly mail an additional FLSA Notice Packet to such person.

**c)** Within fourteen (14) days following the close of the Section 216(b) Notice Period, the Claims Administrator shall provide Class Counsel and Defense Counsel with an Excel chart listing the names of each of the Putative Opt-in Plaintiffs who has returned an FLSA Claim Form. The original FLSA Claim Forms shall be submitted to Class Counsel, along with a copy to Defense Counsel.

    **3.3** **Notice and Claims Procedure for Ohio Rule 23 Class Members.**

**a)** Not later than fourteen (14) days after the Claims Administrator provides Class Counsel and Defense Counsel with the Excel chart referenced in Paragraph 3.2(c), the Claims Administrator will provide Class Counsel and Defense Counsel with an Excel chart listing the names, last known addresses, and telephone numbers of the Ohio Rule 23 Second Chance Settlement Class, along with the number of weeks worked during the Calculation Period.

**b)** Within thirty (60) days after the date the Court issues the Preliminary Approval Order, within fourteen (14) days after the closed of the Section 216(b) Notice Period,

14

*AH*       *SB*      *ST*

or within fourteen (14) days after providing the information described in ¶ 3.3(a), whichever is later, the Claims Administrator shall mail, via First Class United States mail, the Ohio Rule 23 Second Chance Settlement Notice to the Ohio Rule 23 Second Chance Settlement Class using each individual's last known address. Any member of the Ohio Rule 23 Second Chance Settlement Class may request exclusion from the Class by "opting out." Those in the Ohio Rule 23 Second Chance Settlement Class who choose to opt out must do so by submitting a request in writing to the Claims Administrator. The request must include the following: (1) the Class member's name; (2) the Class Member's signature; (3) the date signed; (4) a statement to the effect of "I wish to opt out of the settlement in *Highman v. Northstar, et al.*; and (5) a statement to the effect of "I understand that by opting out, I will receive no benefits from this settlement." To be effective, such "Opt-Out Statements" must be sent via First Class United States mail and postmarked by a date certain to be specified on the Ohio Rule 23 Second Chance Settlement Notice, which will be thirty (30) calendar days after the Claims Administrator makes the initial mailing. The Ohio Rule 23 Second Chance Settlement Claim Period shall be thirty (30) calendar days after the last day on which the Claims Administrator makes the initial mailing under ¶ 3.3(b). The Claims Administrator shall stamp the receipt postmark date on the original of each Opt-Out Statement that it receives and shall deliver copies of each Statement to Class Counsel and Defense Counsel not later than three (3) calendar days after receipt thereof. The Claims Administrator shall, within three (3) business days of the end of the Opt-Out Period, send a final list of all Opt-Out Statements to Defense Counsel and Class Counsel. Class Counsel agrees to file with the Clerk of Courts, within five (5) business days of the end of the Opt-Out Period, file with the Clerk of Courts, with Social Security Numbers redacted, stamped copies of the Opt-Out Statements.

#42422951v8

AH          SB          ST

**c)** Ohio Rule 23 Second Chance Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must do so first in writing. To be considered, such statements must be sent to the Claims Administrator via First Class United States mail, and be received by the Claims Administrator by a date certain, to be specified on the Notice, which shall be for each person qualifying for participation in the Ohio Rule 23 Second Chance Class thirty (30) days after the initial mailing of the Claims Administrator of the Notice. The Claims Administrator shall stamp the date received on the original and send copies of each objection to Defense Counsel and Class Counsel via email and overnight delivery not later than three (3) calendar days after receipt thereof. The Claims Administrator shall, within three (3) business days of the end of the Opt-Out Period, send a final list of all objections to Defense Counsel and Class Counsel. Class Counsel agrees to file the date-stamped copies of any and all objections with the Clerk of Courts within five (5) business days after the end of the Ohio Rule 23 Second Chance Settlement Claim Period. An objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he or she submits his or her written objections. An objector may withdraw his or her objections at any time.

**d)** No Ohio Rule 23 Second Chance Settlement Class Member may appear at the Fairness Hearing unless he or she has filed a timely objection that complies with the procedures provided in ¶ 3.3(c). Any person eligible to participate in the Ohio Rule 23 Second Chance Settlement Class who has submitted an Opt-Out Statement may not submit objections to this settlement. The Parties may file with the Court written responses to any filed objections no later than fourteen (14) calendar days before the Fairness Hearing.

*AH*          *SB*          *ST*

### 3.4 **Ohio Rule 23 Class Settlement Approval Procedures.**

**a)** Not later than fourteen (14) calendar days before the Fairness Hearing, the Class Representatives will submit Plaintiffs' Unopposed Motion for Order for Final Approval of Rule 23 Class Action Settlement Agreement. Such Motion shall be submitted to Defense Counsel for review and approval to ensure that the Motion is consistent with the terms of this Agreement prior to its filing with the Court. The date of the Fairness Hearing will be set by the Court.

**b)** At the Fairness Hearing, the Class Representatives shall request that the Court issue a Final Approval Order containing provisions accomplishing the following, among other things:

**1)** Certifying the Settlement Class;

**2)** Dismissing the Class Representatives' claims on behalf of the Ohio Rule 23 Second Chance Class with prejudice and permanently barring all Ohio Rule 23 Second Chance Class Members, including the Class Representatives, from prosecuting any Released Claims against any Released Parties and issuing an order for entry of judgment entry to that effect;

**3)** Issuing an order directing the dismissal of the Civil Action and entry of judgment; and

**4)** Retaining jurisdiction to enforce the terms of this Agreement.

## 4. **NORTHSTAR'S PAYMENT OBLIGATIONS**

**4.1** No later than fourteen days following the Effective Date, Northstar shall transmit the Total Settlement Amount to the QSF established by the Claims Administrator to be held in

*AH*        *SB*        *ST*

escrow for the purpose of making payments to the FLSA Collective Action Members, the Ohio Rule 23 Second Chance Settlement Class Members, the Class Representatives, the Claims Administrator, and Class Counsel as provided in this Agreement.

4.2     The Claims Administrator will make the Attorneys' Fees and Expenses Payment approved by the Court by wire transfer or by check delivered to Class Counsel no later than fourteen (14) days after the Claims Administrator receives the Qualified Settlement Fund payment from Northstar. In advance of the Effective Date, Class Counsel will provide Defense Counsel and the Claims Administrator with the tax-payer identification numbers for Class Counsel, executed W-9 forms, and wire instructions. The payment of attorneys' fees and expenses to Class Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting and administering the Settlement, securing Court approval of the Settlement, and obtaining dismissal of the action. In consideration for these attorneys' fees and expenses, Class Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Civil Action.

4.3     Except as otherwise provided herein and the anticipation of the motions by Class Counsel to have attorneys' fees and expenses approved as contemplated herein, the Parties shall bear responsibility for their own fees, costs, and expenses incurred by them or arising out of this litigation and will not seek reimbursement thereof from any party to this Agreement or the Released Parties.

**4.4     Payments to the FLSA Collective Action Members.**

a)     The Claims Administrator shall make payment to the FLSA Collective Action Members within fourteen (14) days after the Claims Administrator receives the Total Settlement Amount from Northstar. The Claims Administrator shall prepare two separate checks

*AH*          *SB*          *ST*

payable to each FLSA Collective Action Member, which together shall equal each FLSA Collective Action Member's Total Award: (1) One payment, reflected as "Subject to Payroll Taxes and Income Taxes," shall be considered a payment of wages to be documented by the Claims Administrator on a Form W-2 and issued to the FLSA Collective Action Member; (2) A second payment, reflected as "Subject to Income Taxes Only," shall be considered a non-wage payment and documented by the Claims Administrator on a Form 1099 and issued to the FLSA Collective Action Member.

**b)** The employee portion of all applicable income and payroll taxes will be the responsibility of the individual FLSA Collective Action Member, who agrees to indemnify Northstar, Class Counsel, and Defense Counsel for any tax liability, including penalties and interest, arising out of or relating to the Class Member's failure to pay taxes on any amounts paid pursuant to this Agreement. All applicable Employer Payroll Tax contributions associated with the Backpay payments including the employer share of FICA, FUTA, and SUTA shall be the responsibility of Northstar. The Claims Administrator shall be responsible for notifying Northstar of the total of the employer's share of each FLSA Collective Action Member's Individual Payment.

**c)** The FLSA Collective Action Members will have ninety (90) days from the date the checks are issued to negotiate them. The Claims Administrator will endeavor to locate any FLSA Class Members whose checks are returned and promptly cause their checks to be delivered to them. Forty-five (45) days from the date of mailing of the Section 216(b) Settlement checks the Claims Administrator will provide Class Counsel with a report reflecting which checks have not been negotiated. Class Counsel will be free to contact any FLSA Collective Action Members whose checks were not returned and urge them to promptly

*AH*   *SB*   *ST*

negotiate their checks. After ninety (90) days, the Claims Administrator may stop payments on any checks issued to FLSA Collective Action Members that have not been negotiated, and the Claims Administrator will provide Class Counsel and Northstar with a list of checks that have not been negotiated. The Claims Administrator will thereafter transfer all funds remaining in the QSF to the *cy pres* recipient designated herein.

      **4.5**    **Payments to the Ohio Rule 23 Second Chance Class Members.**

      **a)**    The Claims Administrator shall make payment to the Ohio Rule 23 Second Chance Settlement Class Members who have not timely opted out of the Civil Action out of the QSF within fourteen (14) days after the Claims Administrator receives the Total Settlement Amount. The Claims Administrator shall prepare two separate checks payable to each Ohio Rule 23 Second Chance Settlement Class Member, which together shall equal each Class Member's Total Award: (1) One payment, reflected as "Subject to Payroll Taxes and Income Taxes," shall be considered a payment of wages to be documented by the Claims Administrator on a Form W-2 and issued to the Ohio Rule 23 Second Chance Settlement Class Member; (2) A second payment, reflected as "Subject to Income Taxes Only," shall be considered a non-wage payment and documented by the Claims Administrator on a Form 1099 and issued to the Ohio Rule 23 Second Chance Settlement Class Member.

      **b)**    The employee portion of all applicable income and payroll taxes will be the responsibility of the individual Ohio Rule 23 Second Chance Settlement Class Member, who agrees to indemnify Northstar, Class Counsel, and Defense Counsel for any tax liability, including penalties and interest, arising out of or relating to the Ohio Rule 23 Second Chance Settlement Class Member's failure to pay taxes on any amounts paid pursuant to this Agreement. The Claims Administrator shall be responsible for remitting to the tax authorities all payroll

*AH*        *SB*        *ST*

taxes for payments out of the Qualified Settlement Fund. All applicable Employer Payroll Tax contributions associated with the Backpay payments including the employer share of FICA, FUTA, and SUTA shall be the responsibility of Northstar. The Claims Administrator shall be responsible for notifying Northstar of the total of the employer's share of each Ohio Rule 23 Second Chance Settlement Class Member's Individual Payment.

      **c)**      The Ohio Rule 23 Second Chance Settlement Class Members will have ninety (90) days from the date the checks are issued to negotiate them. The Claims Administrator will endeavor to locate any Ohio Rule 23 Second Chance Settlement Class Members whose checks are returned and promptly cause their checks to be delivered to them. Forty-five (45) days from the date of mailing of the Ohio Rule 23 Second Chance Settlement Class Member's checks the Claims Administrator will provide Class Counsel with a report reflecting which checks have not been negotiated. After ninety (90) days, the Claims Administrator may stop payments on any checks issued to Ohio Rule 23 Second Chance Settlement Class Members that have not been negotiated, and the Claims Administrator will provide Class Counsel and Northstar with a list of checks that have not been negotiated. Subject to Court approval, the Claims Administrator will pay any unclaimed portion of the Qualified Settlement Fund via check made payable to the Charity as a *cy pres* award. Should this Court not approve this *cy pres* award, or by mutual agreement of the Parties, the Parties will select additional charities by mutual agreement and seek Court approval for payment to that entity(ies).

      **4.6**      The Claims Administrator shall make the Claim Representative Service Award payments to the Named Plaintiffs, in the amount awarded by the Court out of the QSF within fourteen (14) days after the Claims Administrator receives the Total Settlement Amount. The Claim Representative Service Award payments will be paid in a separate check stating "Subject

#42422951v8

21

*AH*        *SB*        *ST*

to Income Taxes Only," shall be considered a non-wage payment and documented by the Claims Administrator on a Form 1099.

**4.7**     Northstar, Class Counsel, and Defense Counsel will not be liable for checks cashed by persons other than the Settlement Class Members. Each Settlement Class Member will be deemed to have released Northstar from all liability as set forth in this Agreement even if his or her check is cashed by a person other than to whom the check is written.

**4.8**     Payments made under this Agreement are not intended to and will not: (1) form the basis for additional contributions to, benefits under, or any other monetary entitlements under; (2) count as earnings or compensation with respect to; or (3) be considered to apply to, or be applied for purposes of, Northstar's bonus, pension, any 401(k) and/or other retirement plans or similar programs.

## 5.     **RELEASES**

### 5.1     **Release of Claims**.

**a)**     By operation of this Agreement and except as to such rights or claims as may be created by this Agreement or those non-waivable by law, the Named Plaintiffs, Class Counsel, and FLSA Collective Action Members, hereby irrevocably and unconditionally forever and fully release and covenant not to sue Northstar and the Released Parties from any and all past and present matters, claims, demands, and causes of action for (1) unpaid minimum wage, regular wage, and overtime wages, penalties, liquidated damages, costs, attorneys' fees, and any other relief under the federal FLSA, 29 U.S.C. § 201, *et seq.*, the Ohio Wage Act, O.R.C. § 4111.01, *et seq.*, or the OPPA, O.R.C. § 4113.15; and (2) any alleged improper deduction of wages under the FLSA or the Ohio Acts that exist as of the effective date of this Agreement (collectively referred to herein as "Section 216(b) Released Claims").

*AH*          *SB*          *ST*

**b)**     By operation of this Agreement and except as to such rights or claims as may be created by this Agreement or those non-waivable by law, the Named Plaintiffs, Class Counsel, and Ohio Rule 23 Second Chance Settlement Class Members, hereby irrevocably and unconditionally forever and fully release and covenant not to sue Northstar and the Released Parties from any and all past and present matters, claims, demands, and causes of action for (1) unpaid minimum wage, regular wage, and overtime wages, penalties, liquidated damages, costs, attorneys' fees, and any other relief under the federal FLSA, 29 U.S.C. § 201, *et seq.*, the Ohio Wage Act, O.R.C. § 4111.01, *et seq.*, or the OPPA, O.R.C. § 4113.15; and (2) any alleged improper deduction of wages under the FLSA or the Ohio Acts that exist as of the execution date of this Agreement (collectively referred to herein as "Ohio Rule 23 Released Claims").

**c)**     By operation of this Agreement and except as to such rights or claims as may be created by this Agreement or those non-waivable by law, the Class Representatives and Class Counsel hereby irrevocably and unconditionally forever and fully release and covenant not to sue Northstar and the Released Parties and hereby irrevocably and unconditionally release, discharge, compromise, and settle any and all claims, demands, rights of action or obligation (including all attorneys' fees and costs actually incurred), matured or unmatured, of whatever nature and whether or not presently known that exist as of the execution date of this Agreement, including any claims arising out of or relating to their employment with any of the Released Parties or their separation therefrom, under any federal, state or local law, common law, or statute, and any claims of race, national origin, ancestry, disability, religion, marital status, sexual orientation, gender, gender identity, veteran status, sexual harassment, sex, and age discrimination, retaliation, and all claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq.,

*AH*          *SB*          *ST*

the Reconstruction Era Civil Rights Acts, as amended, 42 U.S.C. §§ 1981 et seq., the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq., (including without limitation the Older Workers' Benefit Protection Act), the Family and Medical Leave Act, 29 U.S.C. §§ 2601, et. seq., the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 et seq., the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2100 et seq., the Employee Polygraph Protection Act (EPPA), 29 U.S.C. §§ 2001, et seq., the Immigration Control and Reform Act, 8 U.S.C. § 1324b, the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§1681, et seq., the Genetic Information Non-Discrimination Act (GINA), 42 U.S.C. §§ 2000ff et seq., the Ohio Civil Rights Act, § 4112.01, et seq., the Ohio Workers Compensation Anti-Retaliation Act, § 4123.90. The Class Representatives acknowledge that while nothing in this Agreement prevents Class Representatives from filing a charge with a state or federal administrative agency or from participating in an EEOC investigation, the release herein does waive any rights Class Representatives may have to recover any damages or other relief in any claim that exists as of the execution date of this Agreement.

      **d)**    The Named Plaintiffs do not waive any right they may have to:

      i.    Their own vested, accrued employee benefits under applicable health, welfare, or retirement benefit plans as of the date of execution of this Agreement;

      ii.    Benefits or rights to seek benefits under Workers' Compensation or unemployment insurance or indemnification statutes;

      iii.    Pursue claims that by law cannot be waived by signing this Agreement;

      iv.    Enforce this Agreement; or

*AH*        *SB*        *ST*

v.      Claims arising after the effective date of this Agreement.

**5.2**    Class Counsel, the Named Plaintiffs, the Named Plaintiffs on behalf of each individual Opt-in Plaintiff, the Class Representatives, and the Class Representatives on behalf of each individual Ohio Rule 23 Second Chance Class Member, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim, or any portion thereof or interest therein, including but not limited to, any interest in the Civil Action, or any related action, except as necessary to meet any obligation pursuant to an Order of the U.S. Bankruptcy Court.

**6.**    **PARTIES' AUTHORITY**

**6.1**    All Parties have been represented by counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel. Class Counsel believes that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial to and in the best interest of Named Plaintiffs, the FLSA Class Members and the Ohio Rule 23 Class Members. Class Counsel represents that they are fully authorized to enter into this Agreement and to bind the FLSA Class Members and the Ohio Rule 23 Class Members hereto the terms and conditions thereof.

**6.2**    All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

**6.3**    It is agreed that because the FLSA Class Members and Ohio Rule 23 Class Members are so numerous, it is impossible or impractical to have each member execute this Agreement. Class Counsel will notify all of the Opt-in Plaintiffs, and the Notice will advise all

*AH*          *SB*          *ST*

Ohio Rule 23 Class Members, of the binding nature of the release as described in this Agreement, with or without additional action by them other than an opt-out by a member of the Ohio Rule 23 Class, and that the release will have the same force and effect as if this Agreement were executed by each member.

**6.4**     The Agreement will be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## 7.     MUTUAL FULL COOPERATION

**7.1**     The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

**7.2**     The Parties agree to a timeline for submission to Court of all necessary papers, including but not limited to approval papers, understanding that they will begin and complete the process in a reasonable, practicable, and expeditious manner and so as to facilitate the approval, notice, and payment schedule in a timely and workable manner.

**7.3**     If the Parties disagree over any of the term(s) of this Agreement, or any negotiation of or compliance with implementation of said terms, and cannot resolve such issues by themselves, the Parties agree to promptly submit such issue(s) to mediation.  If the Parties cannot then reach agreement, the mediator will have the authority to make a binding determination.

**7.4**     The Parties are to execute all documents necessary for settlement as intended under this Agreement.

*AH*          *SB*          *ST*

## 8. NOTICES

**8.1** Unless otherwise specifically provided herein, all notice, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Plaintiffs/Settlement Class:                To Northstar:

Robert E. DeRose (0055214)                         Jan E. Hensel (0040785)
**BARKAN MEIZLISH DEROSE COX, LLP**                H. Devon Collins (0095657)
4200 Regent Street, Suite 210                      **DINSMORE & SHOHL LLP**
Columbus, OH 43219                                 191 W. Nationwide Blvd., Ste. 200
Phone: (614) 221-4221                              Columbus, OH 43215-5134
Fax: (614) 744-2300                                Phone: (614) 628-6880
Email:    bderose@barkanmeizlish.com               Fax: (614) 628-6890
                                                   Email:    jan.hensel@dinsmore.com
                                                             devon.collins@dinsmore.com

## 9. MODIFICATION

**9.1** To be effective, any amendment to the Agreement must be made in writing and signed by counsel for the Parties and approved by the Court.

## 10. ENTIRE AGREEMENT

**10.1** This Agreement, and its attachments, constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement. In the event of any conflict between the Agreement and any other settlement-related document, the Parties intend that this Agreement shall be controlling.

## 11. CHOICE OF LAW/JURISDICTION

**11.1** This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Ohio, both in its procedural and

#4242295\v8

*AH*          *SB*          *ST*

substantive aspects, and shall be subject to the continuing exclusive jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division (Judge Edmund A. Sargus, Jr.). This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

## 12.     COUNTERPARTS

**12.1**     This Agreement may be executed in counterparts, and when each party has signed and delivered at least on such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

## 13.     SOLICITATION TO EXCLUDE OR OBJECT

**13.1**     The Named Plaintiffs, Northstar, Class Counsel, and Defense Counsel agree not to encourage, assist, or solicit persons to exclude themselves from the settlement class or object to the settlement.

## 14.     DENIAL OF LIABILITY

**14.1**     Northstar vigorously denies the allegations in the Civil Action and states that it did not violate the law and that it has no liability for any claims raised in the Civil Action, but has agreed to the terms of this Agreement because this settlement will: (1) avoid the further expenses and disruption of Northstar's business due to the pendency and expense of the litigation; (2) put the claims asserted in the Civil Action to rest; and (3) provide benefit to Northstar's ownership. Nothing in this Agreement shall be deemed or used as an admission of liability by Northstar, or an admission that a class should be certified for any purpose other than settlement purposes.

28

*AH*          *SB*          *ST*

## 15. VOIDING THE AGREEMENT

**15.1**   Any Party may Void this Agreement if:

   **a)**   The Court declines to enter, in the form submitted by the Parties as contemplated under this Agreement (or any amended version agreed upon by the Parties), the Rule 23 Preliminary Approval Order, the Rule 23 Final Approval Order, or the Section 216(b) Approval Order applicable to this Agreement;

   **b)**   The settlement as agreed does not become final for any other reason.

**15.2**   If this Agreement is not approved, there shall be no prejudice due to lapse of time to either side and the Parties may proceed with litigation as it existed on the date of the execution of this Agreement.   In the event that the Court fails to enter an Ohio Rule 23 Preliminary Approval Order, a Section 216(b) Approval Order, or an Ohio Rule 23 Final Approval Order, or in the event that any objector successfully appeals any such Order, the Civil Action will proceed as if no settlement had been attempted.   In that event, the Civil Action will resume as it existed on the date this agreement was executed unless the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of the renegotiated settlement.   If this Agreement is not approved, the case will proceed as if no settlement had been attempted, and Northstar retains the right to contest whether this case should be maintained as a collective or class action and to contest the merits of any claims being asserted by the Named Plaintiffs or any Settlement Class Member.   In such a case, the Parties will negotiate and submit for Court approval a case schedule which shall, among other things, propose dates for completion of merits discovery, and the filing of motions, including those regarding the certification and decertification of any class.

**SIGNATURES TO FOLLOW**

#42422951v8

*AH*          *SB*          *ST*

Agreed to this _____ day of April, 2024:


Robert E. DeRose (0055214)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Fax: (614) 744-2300
Email:      bderose@barkanmeizlish.com

Jan E. Hensel (0040785)
H. Devon Collins (0095657)
**DINSMORE & SHOHL LLP**
191 W. Nationwide Blvd., Ste. 200
Columbus, OH  43215-5134
Phone: (614) 628-6880
Fax: (614) 628-6890
Email:           jan.hensel@dinsmore.com
                 devon.collins@dinsmore.com

Jeremy D. Smith (0088539)
**DINSMORE & SHOHL LLP**
255 E. 5th Street, Suite 1900
Cincinnati, Ohio 45202
Phone: (513) 977-8613
Fax: (513) 977-8348
Email:           jeremy.smith@dinsmore.com

#4242295|v8

**THE PARTIES:**

Plaintiffs:

*Anthony Highman*

04/13/2024

_____
Anthony Highman – Class Representative

*Sarah Bates*

04/12/2024

_____
Sarah Bates – Class Representative

*Sarah Taylor*

04/13/2024

_____
Sarah Taylor – Class Representative

Northstar Café Easton LLC, Northstar Café Westerville LLC, Northstar Café Liberty LLC, Northstar Café Shaker Heights LLC, Northstar Café Short North LLC, Northstar Café LLC, and Organic Trails Cafes LLC:

By: _____

Its _Co-founder_ _____

# ATTACHMENT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| ANTHONY W. HIGHMAN, on behalf of himself and others similarly situated, | : : : : CIVIL ACTION : : NO: 2:23-cv-1757 |
| Plaintiffs, | |
| v. | : : Judge Edmund A. Sargus, Jr. |
| NORTHSTAR CAFÉ EASTON, LLC, et al., | : Magistrate Judge Elizabeth Preston : Deavers |
| Defendants. | : : |

**[PROPOSED] ORDER CERTIFYING THE SECOND CHANCE SETTLEMENT CLASS AND APPROVAL OF THE OHIO RULE 23 CLASS ACTION SETTLEMENT.**

Before the Court is the Plaintiffs' Unopposed Motion for Final Approval of Ohio Rule 23 Class Action Settlement ("Final Approval Motion") and the pertinent materials filed with that motion. (Doc. No. _____) The Court preliminarily approved the settlement agreement that is the subject of the Final Approval Motion (the "Agreement") by order entered on _____, 2024 (the "Preliminary Approval Order"). (Doc. No. _____.) A copy of the Agreement is attached as Exhibit A and incorporated in this Order by reference.

On _____, 2024, the Court conducted a hearing (the "Fairness Hearing") to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record. For good cause shown, and as more fully explained below, the Motion is **GRANTED**. The Court **ORDERS** as follows:

1. **Final Certification of the Ohio Rule 23 Second Chance Settlement Class.** The Court finds that the proposed Ohio Rule 23 Second Chance Settlement Class, as defined in the Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court certifies the Ohio Rule 23 Second Chance Settlement Class consisting of the following:

> **All current and former tipped employees of Northstar who have worked at any time between June 12, 2020 through May 23, 2023 in the State of Ohio, excluding the Named Plaintiffs and Opt-in Plaintiffs.**

2. **Class Representatives.** For purposes of settlement, the Court approves the Plaintiffs Anthony W. Highman, Sarah Bates and Sarah Taylor, as the Class Representatives.

3. **Class Counsel.** For purposes of settlement, the Court appoints as Class Counsel for the Ohio Rule 23 Second Chance Settlement Class Robert E. DeRose of Barkan Meizlish DeRose Cox, LLP.

4. **Approval of the Agreement.** The Court approves the Agreement and finds that it is a reasonable compromise of the claims of the Ohio Rule 23 Second Chance Settlement Class that was reached by the Parties after extensive discovery and intensive arms-length negotiations with the assistance of an experienced mediator. The Agreement is fair, just, reasonable, and adequate to, and in the best interest of the Ohio Rule 23 Second Chance Settlement Class. It achieves a definite and certain result for the benefit of the Ohio Rule 23 Second Chance Settlement Class that is preferable to continuing litigation in which the Ohio Rule 23 Second Chance Settlement Class would necessarily confront substantial risk, uncertainty, delay, and cost. This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the Ohio Rule 23 Second Chance Settlement Class excepting only those

2

individuals, if any, who effectively excluded themselves from the Class in accordance with the terms of the Agreement ("Opt-Outs").

5. **Notice to the Ohio Rule 23 Second Chance Settlement Class.** The Court determines that the Rule 23 Notice was given as required by the Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided all members of the Ohio Rule 23 Second Chance Settlement Class desiring to object to the settlement with fair and adequate notice of the terms of the settlement and the Fairness Hearing. The Court finds the Rule 23 Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6. **Release of Claims.** As of the date this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed in all material respects after completion of the appellate process), the Class Representatives and the Ohio Rule 23 Second Chance Settlement Class, excepting Opt-Outs, are forever barred from bringing or presenting any action or proceeding against any Released Party that involves or asserts any of the Released Claims (as those terms are defined in the Agreement). The Class Representatives and the Ohio Rule 23 Second Chance Settlement Class, excepting Opt-Outs, are deemed to have been released and forever discharged the Released Parties from all Released Claims.

7. **Cy pres.** The Court approves the Mid-Ohio Food Collective as the *cy pres* charity.

8. **Dismissal with Prejudice.** All claims in this action are dismissed with prejudice and without costs against Defendants.

3

9. **Dispute Resolution.** Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

10. **Non-Admission.** This Order and the Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damages whatsoever.

11. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

12. **Use of Agreement and Ancillary Terms.** Neither the Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims.

13. **Attorney Fees and Expenses.** The Court approves the Plaintiffs' request for attorney fees and expenses to be paid from the Ohio Rule 23 Settlement Fund. The Court approves payment to Barkan Meizlish DeRose Cox, LLP not to exceed $_____.

**So ordered.**

**ENTER: _____, 2024**

_____

**EDMUND A. SARGUS**
**UNITED STATES DISTRICT JUDGE**

4

# Attachment 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY W. HIGHMAN, on behalf of himself and others similarly situated, | : : : : | |
| Plaintiffs, | : | CIVIL ACTION |
| v. | : : | NO: 2:23-cv-1757 |
| NORTHSTAR CAFÉ EASTON, LLC, et al., | : : : | Judge Edmund A. Sargus, Jr. Magistrate Judge Elizabeth Preston Deavers |
| Defendants. | : : : | |

---

**FLSA SETTLEMENT CLAIM FORM AND RELEASE OF CLAIMS**

---

[To be pre-inserted by the Claims Administrator:]
Name:
Claim Number:
Address:
City, State, Zip Code:

**YOU MUST RETURN THIS COMPLETED FORM IN ORDER TO RECEIVE YOUR CHECKS**

**<u>Verification:</u>**

Please verify your identity by providing the last four digits of your Social Security Number and verify your address above by signing below. If the address above is incorrect, please give the correct address in the space below. The address you list is the address where the check will be mailed.

Last Four Digits of Social Security Number: _____

Address Correction Only:

_____
Street Address or P.O. Box

_____
City, State, Zip Code

Error! Unknown document property name.

By signing below, I swear that I was employed as a former or current employee of Northstar Café who was subject to the tip credit and tip pool, during at least one or more full workweeks between June 12, 2020 through May 24, 2023.

**Release of Claims:**

I hereby irrevocably and unconditionally forever and fully release and covenant not to sue Northstar Café, as well as any of its predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, board members, employees, representatives, heirs, attorneys, and assigns from any and all past and present matters, claims, demands, and causes of action for (1) unpaid regular or overtime wages, penalties, liquidated damages, costs, attorneys' fees, and any other relief under the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Ohio Wage Act, O.R.C. § 4111.01, *et seq.*, or the OPPA, O.R.C. § 4113.15; and (2) any alleged deductions from wages.

I acknowledge that this Settlement Claim Form and Release of Claims is intended to include in its effect all claims as set forth above asserted in or arising from my employment with Northstar Café or asserted in the Civil Action, including both asserted and unasserted claims, and including those claims that I do not know or suspect to exist in my favor against Northstar Café.

**I declare under penalty of perjury that the above information is correct.**

Date:_____     Signature:_____

Print Name: _____

This Claim Form and Release of Claims must be properly completed, signed, and mailed to the Claims Administrator at the following address via First Class United States mail. For your convenience, a pre-addressed and stamped envelope is provided.

CLAIMS ADMINISTRATOR ADDRESS

2

# Attachment 3

### NOTICE OF COLLECTIVE ACTION SETTLEMENT

## AUTHORIZED* BY JUDGE EDMUND A. SARGUS, OF THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

## *THE COURT'S AUTHORIZATION OF THIS NOTICE DOES NOT MEAN THE COURT HAS TAKEN A POSITION IN THIS MATTER.

---

TO: All current and former tipped employees who worked for Northstar Café at any time between June 12, 2020 through May 24, 2023 who were subject to the tip credit ("Putative Opt-in Plaintiffs").

RE: Your right to join a settlement for unpaid minimum and overtime wages allegedly not paid by Northstar Café.

## DEADLINE TO FILE CONSENT FORM:  _____, 2024

> *This is not a solicitation from a lawyer or from a law firm.*

Records maintained by Northstar Café indicate that you worked as a tipped employee subject to Northstar café's tip credit and tip pool policies between June 12, 2020 through May 24, 2023.

This Notice explains information about a pending lawsuit in the United States District Court, Southern District of Ohio, Eastern Division. This lawsuit is entitled *Anthony W. Highman, et al. vs. Northstar Café Easton, et al.* Case No. 2:23-cv-1757 (the "Civil Action"). Based on the allegations made in the lawsuit, you may have legal rights to compensation. No determination has yet been made as to whether the claims in the lawsuit are true or not. More information about your legal rights is contained in other sections of this Notice.

## WHAT IS THIS LAWSUIT ABOUT?

Named Plaintiffs, Anthony W. Highman, Sarah Taylor, and Sarah Bates, filed this Collective/Class Action lawsuit in the United States District Court for the Southern District of Ohio, Eastern Division. This lawsuit is titled *Anthony W. Highman, et al. vs. Northstar Café Easton, et al.* Case No. 2:23-cv-1757. Since the complaint was filed, thirteen (13) other Northstar Café workers joined this action as Opt-in Plaintiffs. In the Action, Named Plaintiffs, and the Opt-in Plaintiffs (collectively "Plaintiffs") assert that Northstar Café failed to pay minimum and overtime wages. Plaintiffs maintain that each week they worked they were incorrectly paid less than the minimum wage and each week they worked more than forty hours, they were incorrectly paid overtime wages.

**Plaintiff's Position**: Plaintiffs believe that the Action is meritorious based on alleged violations of the FLSA and that the Action is appropriate for collective treatment. Further, they also believe that it is meritorious based on alleged individual violations of Ohio wage laws.

**Northstar Café's Position:** Northstar Café denies and continues to deny all of the claims in the Action and denies any and all allegations of wrongdoing, fault, liability, or damage of any kind to Plaintiffs and the Potential Opt-in Plaintiffs.

**Settlement:** Named Plaintiffs and Northstar Café have agreed to the Settlement summarized below. The complete terms and conditions of the proposed Settlement are on file with the United States Clerk of Courts for the Southern District of Ohio at Columbus. The Parties' obligations under the Settlement Agreement will not become effective unless and until it receives final court approval, including the exhaustion of any appeals.

Potential Opt-in Plaintiffs who timely and properly complete and return the enclosed FLSA Settlement Claim Form and Release of Claims ("§216(b) Claim Form") will be eligible to receive a pro rata share of the §216(b) Settlement Group Sub-Net Settlement Amount, ($359,631.75) based on the number of weeks they worked at Northstar Café from between June 12, 2020 through May 24, 2023 ("Individual Payment"). Potential Opt-in Plaintiffs' Individual Payments will be divided 50% to alleged unpaid wages, subject to wage withholding and income tax, and 50% to alleged non-wages, subject to income tax only. The unpaid wages portion of the Individual Payment will be less payroll withholding as payment for unpaid wages and deductions.

If you wish to receive your Individual Payment, you must timely complete and return the enclosed § 216(b) Claim Form according to instructions provided on the form, including a release of claims consistent with that set forth in Section 6.b of this Notice. The Claim Form must be personally filled out by the current or former employee who seeks to participate in the Settlement or someone with a legal right to act on their behalf. As part of the Claim Form, you consent to join the Civil Action for the purpose of participating in the Settlement.

The Claim Form must be properly completed, signed, and mailed to the Claims Administrator via First Class United States Mail, and received by [30 days from the date of mailing]. If you do not properly complete and timely submit the Claim Form in order for it to be received by [30 days from the date of mailing], you will not be eligible to receive any monetary distribution.

### WHAT IS A COLLECTIVE ACTION?

 A collective action under the FLSA is a lawsuit in which one or more persons acting as representatives sue on behalf of other persons who have similar claims. Other similarly situated individuals, usually current and former co-workers, are invited to join the collective action, if they wish, by mailing a written notice indicating a desire to participate.

### YOUR RIGHT TO PARTICIPATE IN THIS ACTION

Plaintiffs seek to sue not only for themselves but also for other persons with whom they allege are similarly situated. If this Notice is addressed to you, you have the right to participate in this action, unless and until the Court determines otherwise.

### ATTORNEYS FEES AND COSTS

Named Plaintiffs entered into a contingency fee agreement with their counsel, which means that if there is no recovery, there will be no attorneys' fees or costs chargeable to them, or anyone else who chooses to be represented by their counsel. However, the Named Plaintiffs entered a settlement with Northstar Café which provides for Class Counsel attorneys' fees and costs subject to the Court's approval. You will not be charged additional attorney fees or costs for participating in this settlement.

## HOW DO I PARTICIPATE?

To join this collective action, you must sign and return the enclosed "Consent Form." If you choose to join this action, you must return the Consent Form by: (a) mailing it to **RUST CONSULTING**_____; (b) faxing the form to _____; or (c) scanning and emailing the form to _____.

**The signed Consent Form must be postmarked, faxed, or emailed by _____, 2024.**

| EFFECT OF JOINING THIS SETTLEMENT |
|---|

If you choose to join this action, you will be bound by the terms of the settlement.

By joining this action, you designate the Named Plaintiffs as your agents to make decisions on your behalf concerning this Settlement.

By joining this settlement, in exchange for your Individual Payment you irrevocably and unconditionally forever and fully release and covenant not to sue Northstar Café and the Released Parties from any and all past and present matters, claims, demands, and causes of action for (1) unpaid minimum wage, regular wage, and overtime wages, penalties, liquidated damages, costs, attorneys' fees, and any other relief under the federal FLSA, 29 U.S.C. § 201, et seq., the Ohio Wage Act, O.R.C. § 4111.01, et seq., or the OPPA, O.R.C. § 4113.15; and (2) any alleged improper deduction of wages under the FLSA or the Ohio Acts that exist as of the effective date of theSettlement Agreement.

| RETALIATION PROHIBITED |
|---|

The law prohibits an employer from taking any action to discharge you, or in any manner discriminating or retaliating against you for taking part in this settlement. This is true whether you currently work for Northstar Café, or for another employer.

| LEGAL EFFECT OF NOT JOINING THIS ACTION |
|---|

If you choose not to join this action, you will not be affected by the settlement reached in this case. You will not be entitled to share any amounts recovered by the class. You will be free to file your own lawsuit, or to not file any lawsuit at all; however, the pendency of this action will not stop the running of the statute of limitations as to any claims you may have.

| YOUR LEGAL REPRESENTATION IF YOU JOIN |
|---|

If you participate in this action, you have the right to choose and retain your own attorney, or you may choose to be represented by Plaintiffs' counsel. Plaintiffs are represented by:

Robert E. DeRose, Esq.
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
Telephone: 614-221-4221
Fax: 614-744-2300
Email: bderose@barkanmeizlish.com

## DEFENDANT NORTHSTAR CAFÉ IS REPRESENTED BY:

Jan E. Hensel (0040785)
H. Devon Collins (0095657)
**DINSMORE & SHOHL LLP**
191 W. Nationwide Blvd., Ste. 200
Columbus, OH  43215-5134
Phone: (614) 628-6880
Fax: (614) 628-6890
Email:       jan.hensel@dinsmore.com
                  devon.collins@dinsmore.com

Jeremy D. Smith (0088539)
**DINSMORE & SHOHL LLP**
255 E. 5th Street, Suite 1900
Cincinnati, Ohio 45202
Phone: (513) 977-8613
Fax: (513) 977-8348
Email:       jeremy.smith@dinsmore.com

## FURTHER INFORMATION

If you have questions about this case or about this Notice, further information may be obtained from Plaintiffs' Counsel.

DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THIS CASE OR ABOUT THIS NOTICE. THIS NOTICE HAS BEEN AUTHORIZED BY THE COURT, BUT THE COURT TAKES NO POSITION REGARDING THE MERITS OF THE ALLEGATIONS AND/OR DEFENSES. THERE IS NO ASSURANCE THAT THE COURT WILL RULE IN FAVOR OF THE PLAINTIFFS OR IN FAVOR OF DEFENDANT. THE COURT DOES NOT ENCOURAGE OR DISCOURAGE ANY PERSON FROM JOINING THIS LAWSUIT.

Dated: _____, 2024

Error! Unknown document property name.

# ATTACHMENT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| ANTHONY W. HIGHMAN, on | : | |
| behalf of himself and others | : | CIVIL ACTION |
| similarly situated, | : | |
| Plaintiffs, | : | NO: 2:23-cv-1757 |
| | : | |
| v. | : | |
| | : | Judge Edmund A. Sargus, Jr. |
| NORTHSTAR CAFÉ EASTON, | : | Magistrate Judge Elizabeth Preston |
| LLC, et al., | : | Deavers |
| Defendants. | : | |
| | : | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF THE OHIO
RULE 23 SECOND CHANCE SETTLEMENT.**

Before the Court is the Parties' Joint Motion for Stipulated Court Supervised Notice and
Approval of Settlement Pursuant to Section 216(b) of the Fair Labor Standards Act and
Preliminary Approval of the Ohio Rule 23 Second Chance Settlement Order Preliminarily
Approving Rule 23 Class Action Settlement ("Joint Motion") and the pertinent materials filed
with that motion. (Doc. Nos. ____.) For good cause shown, and as more fully explained below,
the Joint Motion is GRANTED. The Court ORDERS as follows:

1. **Preliminary Certification of the Rule 23 Second Chance Settlement Class.** For the
purposes of settlement only, the Court preliminarily finds that the proposed Ohio Rule 23 Class,
as defined in the Settlement Agreement between the Parties (Doc. No. _____) (the "Agreement"),
meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

Accordingly, the Court preliminarily certifies for settlement purposes only the following proposed Ohio Rule 23 Class:

> **All current and former tipped employees of Northstar who have worked at any time between June 12, 2020 through May 23, 2023 in the State of Ohio, excluding the Named Plaintiffs and Opt-in Plaintiffs.**

2.  **Nullification.** This Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Agreement is not finally approved by the Court or if the Agreement, after being finally approved by the Court, is invalidated on appeal, or terminated pursuant to its own terms.

3.  **Class Representatives.** The Court conditionally approves the Plaintiffs Anthony W. Highman, Sarah Bates and Sarah Taylor, as the Class Representatives.

4.  **Class Counsel.** The Court conditionally appoints as Class Counsel for the Ohio Rule 23 Second Chance Settlement Class Robert E. DeRose of Barkan Meizlish DeRose Cox, LLP.

5.  **Preliminary Approval of the Agreement.** The proposed settlement set forth in the Agreement appears, upon preliminary review, to be fair, reasonable, and adequate. The Agreement is approved for submission to the Ohio Rule 23 Second Chance Settlement Class for their consideration at a hearing under Rule 23(e) of the Federal Rules of Civil Procedure.

6.  **Claims Administrator.** Rust Consulting (the "Claims Administrator") is approved as administrator of the claims process as set forth in the Agreement.

7.  **Fairness Hearing.** A Fairness Hearing will be held on _____, 2024 at _____ to consider final approval of the Agreement. Any Ohio Rule 23 Second Chance Settlement Class Member who wishes to object to the Agreement will be heard at that time. Objections must be made in writing by mailing such objections to the Claims Administrator and must be received by the Claims Administrator no later than thirty (30) days after the initial mailing of the Notice of

#42841472v2

Proposed Settlement of Class Action Lawsuit and Fairness Hearing. Each objection must include the objector's name, address, telephone number, signature, and last four digits of the objector's social security number. Each objecting Ohio Rule 23 Second Chance Settlement Class Member must state the reasons for the objection to the Agreement. If the objecting Ohio Rule 23 Second Chance Settlement Class Member wishes to speak at the Fairness Hearing, the written objection must so state and specifically identify all witnesses and materials that the objecting Ohio Rule 23 Second Chance Settlement Class Member who fails to properly or timely provide his or her objection to the Claims Administrator will not be heard during the Fairness Hearing and such objection will not be considered by the Court. The Claims Administrator will file objections with the Court and provide them to Class Counsel and Defense Counsel as set forth in the Agreement.

8. **Notice to the Class.** The Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (the "Rule 23 Notice") attached as Exhibit 6 to the Agreement. The Court orders that the Claims Administrator mail the Rule 23 Notice via first-class mail to the Ohio Rule 23 Class within thirty (30) days after the entry date of this Order. Any member of the Ohio Rule 23 Class who wishes to opt out of the class must do so by submitting a request in writing to the Claims Administrator. The request must include the following: (1) the Class member's name; (2) the Class Member's signature; (3) the date signed; (4) a statement to the effect of "I wish to opt out of the settlement in *Highman v. Northstar, et al*.; and (5) a statement to the effect of "I understand that by opting out, I will receive no benefits from this settlement." To be effective, such Opt-Out Statements must be sent via First Class United States mail and postmarked by a date certain to be specified on the Notice and Opt-Out Statement, which will be thirty (30) calendar days after the Claims Administrator makes the initial mailing of the Notice. All members of the Ohio Rule 23 Class who do not timely and properly exclude themselves from the

3

class will be bound conclusively by all of the terms of the Agreement, if finally approved, and by any judgment entered upon final approval. The Claims Administrator will file returned opt-out statements with the Court and provide them to Class Counsel and Defense Counsel as set forth in the Agreement.

9. **Voiding the Agreement.** If this Court declines to enter, in the form submitted by the Parties as contemplated under this Agreement (or any amended version agreed upon by the Parties), the Rule 23 Preliminary Approval Order, the Rule 23 Final Approval Order, or the Section 216(b) Approval Order applicable to the Agreement or the settlement as agreed does not become final for any other reason; then this Agreement becomes null and void and this action will resume as it existed immediately prior to the execution of the Agreement.

10. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

11. **Stay.** All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement, are stayed and suspended until further order of the Court. Pending final approval of the Agreement, the Claim Representatives, Opt-in Plaintiffs and the Ohio Rule 23 Second Chance Settlement Class Members are barred from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Released Claim against any Released Party (as those terms are defined in the Agreement).

12. **Use of Agreement and Ancillary Items.** Neither the Agreement (whether or not it is finally approved), nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into

4

evidence in this action or any related or similar action for the purposes of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims.

**So ordered.**

**ENTER: _____, 2024**

                                          _____
                                          **EDMUND A. SARGUS**
                                          **UNITED STATES DISTRICT JUDGE**

# Attachment 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| | : |
| | : |
| ANTHONY W. HIGHMAN, on | : |
| behalf of himself and others | : |
| similarly situated, | : |
| Plaintiffs, | : |
| v. | : |
| | : |
| NORTHSTAR CAFÉ EASTON, | : |
| LLC, et al., | : |
| Defendants. | : |
| | : |

CIVIL ACTION

NO: 2:23-cv-1757

Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth Preston
Deavers

---

## [PROPOSED] ORDER GRANTING COURT SUPERVISED NOTICE AND APPROVAL OF SECTION 216(b) SETTLEMENT.

---

Upon consideration of the Parties' Joint Motion for Stipulated Court Supervised Notice and Approval of Settlement Pursuant to Section 216(b) of the Fair Labor Standards Act Action Settlement and Preliminary Approval of the Ohio Rule 23 Second Chance Settlement ("Joint Motion") (Doc. # _____), filed on April 15, 2024, the stipulation of the Parties, and the pertinent materials filed therewith, this Court GRANTS the Joint Motion as follows:

**I.   Court Supervised Notice.**

The Court approves of the sending of the Parties FLSA Notice Packet to the following definition of employees:

> **All current and former tipped employees who worked for Northstar Café at any time between June 12, 2020 through May 24, 2023 who were subject to the tip credit ("Putative Opt-in Plaintiffs").**

Not later than fourteen (14) days after the date of this Order, Northstar shall provide the Claims Administrator with an Excel chart listing the names, last known addresses, and telephone numbers of the Putative Opt-in Plaintiffs. All information provided regarding the Putative Opt-in Plaintiffs will be treated by the Claims Administrator as confidential information. Class Counsel and Defense Counsel shall jointly provide the Claims Administrator with a Notice of Collective Action Settlement ("FLSA Notice Form) and FLSA Settlement Claim Form and Claim Form and Release of Claims ("FLSA Claim Form") which will provide a summary of the basis for the settlement and the means to participate in the settlement.

Not later than fourteen (14) days after receipt of the Putative Opt-in Plaintiffs' information, the Claims Administrator shall mail, via First Class United States mail, a copy of the FLSA Notice Form and FLSA Claim Form in a form substantially similar to the attached Exhibit ___, and a pre-addressed return envelope (collectively, "the FLSA Notice Packet") to each Putative Opt-in Plaintiff.  The Putative Opt-in Plaintiffs will have thirty (30) days to return their Notice and Consent to the Claims Administrator. Those who return timely return their Claim Forms will become Opt-In Plaintiffs. If any FLSA Notice Packet is returned as undeliverable, the Claims Administrator shall promptly advise the Parties and attempt to locate such Putative Opt-in Plaintiff through an electronic search using the former address of that person and shall promptly mail an additional FLSA Notice Packet to such person.

Within fourteen (14) days following the close of the Section 216(b) Notice Period, the Claims Administrator shall provide Class Counsel and Defense Counsel with an Excel chart listing the names of each Putative Opt-in Plaintiff who has returned an FLSA Claim Form (the Opt-in Plaintiffs). The original FLSA Claim Forms shall be submitted to Class Counsel, along with a copy to Defense Counsel.

2

**II. Section 216(b) Settlement**.

The Court finds the settlement terms negotiated by the Parties and described in their Settlement Agreement (Doc. No. _____) are a fair and reasonable resolution of a *bona fide* dispute between the Plaintiffs and the Northstar Café, that the attorneys' fees requested therein are reasonable, and that the settlement of the claims as to the Named Plaintiffs Anthony W. Highman, Sarah Bates and Sarah Taylor, as they are defined in the Settlement Agreement (Doc. No. _____) is therefore approved.  The Court appoints Plaintiffs' Counsel Robert E. DeRose as Class Counsel in this matter.

**So ordered.**

**ENTERED: _____, 2024**

_____
**EDMUND A. SARGUS**
**UNITED STATES DISTRICT JUDGE**

3

# Attachment 6

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION
## AND FAIRNESS HEARING

### AUTHORIZED* BY JUDGE EDMUND A. SARGUS, OF THE U.S. DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

### *THE COURT'S AUTHORIZATION OF THIS NOTICE DOES NOT MEAN THE COURT HAS TAKEN A POSITION IN THIS MATTER.

TO:      All current and former tipped employees who worked for Northstar Café at any time between June 12, 2020 through May 24, 2023 who were subject to the tip credit.

Records maintained by Northstar Café indicate that you worked as a tipped employee subject to Northstar Café's tip credit and tip pool policies between June 12, 2020 through May 24, 2023.

This Notice explains information about a pending lawsuit in the United States District Court, Southern District of Ohio, Eastern Division. This lawsuit is entitled *Anthony W. Highman, et al. vs. Northstar Café Easton, et al.* Case No. 2:23-cv-1757 (the "Civil Action"). Based on the allegations made in the lawsuit, you may have legal rights to compensation. No determination has yet been made as to whether the claims in the lawsuit are true or not. More information about your legal rights is contained in other sections of this Notice.

Please read this Notice carefully. It contains essential information about your rights concerning the class action settlement described below. As described more fully below, *see* Section 6.c., to participate in the settlement, you need not do anything. If you do not want to participate in the settlement, and do not want to be bound by the Release described in Section 6.b., you must exclude yourself must do so by submitting a request in writing to the Claims Administrator, described in Section 9, postmarked by no later than [DATE].

Unless you "opt-out" of the Civil Action and the settlement by submitting a request in writing to the Claims Administrator postmarked by [DATE], you will be bound by the Release in Section 6.b., regardless of whether you submit a Claim Form or receive money. *See* Section 9 below, for additional information. Class Members are encouraged to participate in this settlement. The law prohibits retaliation against current or former employees who participate in settlements.

Participation does not change the settlement amount that Northstar Café will pay, because Northstar Café' will pay the same fixed amount regardless of the number of Class Members who participate.

**Important Deadlines:**

- Deadline for submitting a request in writing to Opt-Out to the Claims Administrator: must be postmarked by [30 days from the mailing]

- Deadline for objecting to the settlement: must be mailed in time for the Claims Administrator to receive it by [30 days from the mailing].

For assistance completing the enclosed Claim Form or for assistance with related matters, please contact Class Counsel listed in Section 5 below.

This Notice explains the nature of the Civil Action and the terms of the settlement and informs you of your rights and obligations. This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the Parties.

This Notice contains information about the following topics:

1.      What is this Civil Action About?

2.      What is a Class Action?

3.      What is the Purpose of This Notice?

4.      Who is Included in the Civil Action?

5.      Who is Class Counsel?

6.      What Are the Benefits and Terms of The Proposed Settlement?

7.      When is the Fairness Hearing to Approve Settlement?

8.      How Can You Object to the Proposed Settlement?

9.      How Can You Opt-Out of the Settlement?

10.     How Can You Examine Court Records?

11.     What if You Have Questions?

1.      <u>What is this Civil Action About?</u>

Named Plaintiffs, Anthony W. Highman, Sarah Taylor, and Sarah Bates, filed this Collective/Class Action lawsuit in the United States District Court for the Southern District of Ohio, Eastern Division. This lawsuit is titled *Anthony W. Highman, et al. vs. Northstar Café Easton, et al.* Case No. 2:23-cv-1757. Since the complaint was filed, thirteen (13) other Northstar Café workers joined this action as an Opt-in Plaintiff. In the Action, Named Plaintiffs, and the Opt-in Plaintiffs (collectively "Plaintiffs") assert that Northstar Café failed to pay minimum and overtime wages.

2

Plaintiffs maintain that each week they worked they were incorrectly paid less than the minimum wage and each week they worked more than forty hours, they were incorrectly paid overtime wages.

**Plaintiff's Position**: Plaintiffs believe that the Action is meritorious based on alleged violations of the Ohio Wage Act and that the Action is appropriate for class treatment.

**Northstar Café's Position:** Northstar Café denies and continues to deny all of the claims in the Action and denies any and all allegations of wrongdoing, fault, liability, or damage of any kind to Plaintiffs and the Class Members. To avoid the burden, expense, inconvenience, and uncertainty of continued Civil Action, however, Northstar Café has concluded that it is in its best interests to resolve and settle the Civil Action by entering into a settlement agreement (the "Settlement").

The Civil Action is presently pending before Judge Edmund A. Sargus, United States District Judge for the United States District Court for the Southern District of Ohio. Judge Sargus has not made any decision on the merits of Plaintiffs' claims. On [DATE], the Court conditionally certified this matter as a class action for purposes of settlement and granted preliminary approval of the Settlement, subject to a fairness hearing which will take place on _____, 2024.

2.    <u>What is a Class Action?</u>

A class action is a civil action in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "Plaintiffs" or "Class Representatives," file a civil action asserting claims on behalf of the entire class.

3.    <u>What is the Purpose of this Notice?</u>

Judge Sargus has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you of the proposed settlement and of your rights, including:

- To inform you of your right to "opt-out" of the settlement class, and thereby preserve your ability to independently bring any claim that you might have;

- To inform you of your right to file objections to the Settlement; and

- To inform you of the steps you must take to receive any share of the Settlement funds.

4.    <u>Who is Included in the Civil Action?</u>

You are a Class Member if you are or were a tipped employee who worked for Northstar Café at any time between June 12, 2020 through May 24, 2023 who were

subject to the tip credit; and who did not opt-in to this litigation on or before [End of 216(B) Notice Period], as a Section 216(b) Plaintiff.

5.  **Who is Class Counsel?**

The Court has approved and appointed the following firm to represent all members of the Class. Class Counsel are:

Robert DeRose, Esq.
**Barkan Meizlish DeRose Cox, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
Telephone: 614-221-4221
Fax: 614-744-2300
Email: bderose@barkanmeizlish.com

6.  **What Are the Benefits and Terms of the Proposed Settlement?**

Named Plaintiffs and Northstar Café have agreed to the Settlement summarized below. The complete terms and conditions of the proposed Settlement are on file with the Clerk of Court at the address listed below in Section 10. The Parties' obligations under the Settlement Agreement will not become effective unless and until it receives final court approval, including the exhaustion of any appeals.

a.  *What are the benefits of the settlement?*

Class Members who do not opt-out of this settlement will be eligible to receive a pro rata share of the Ohio Rule 23 Second Chance Settlement Class Sub-Net Settlement Amount, (\$[to be calculated after the close of the Section 216(b) Notice Period]) based on the number of weeks they worked at Northstar Café from between June 12, 2020 through May 24, 2023 ("Individual Payment"). Potential Opt-in Plaintiffs' Individual Payments will be divided 50% to alleged unpaid wages and 50% to alleged non-wages. The unpaid wages portion of the Individual Payment will be less payroll withholding as payment for unpaid wages and deductions.

b.  *What is the legal effect of participating in the settlement?*

If the Court grants final approval of the Settlement, in exchange for the promise of payment as set forth above, the claims asserted in the Civil Action will be dismissed with prejudice and Class Members who do not opt-out will irrevocably and unconditionally forever and fully release and covenant not to sue Northstar Café and the Released Parties from any and all past and present matters, claims, demands, and causes of action for (1) unpaid minimum wage, regular wage, and overtime wages, penalties, liquidated damages, costs, attorneys' fees, and any other relief under the federal FLSA, 29 U.S.C. § 201, et seq., the Ohio Wage Act, O.R.C. § 4111.01, et seq., or the OPPA, O.R.C. § 4113.15; and (2) any alleged improper

4

deduction of wages under the FLSA or the Ohio Acts that exist as of the execution date of the Settlement Agreement.

   *c. How can I participate in the settlement?*

   If you wish to receive a distribution from the Settlement Fund, you need not do anything.

   *d. How long is my check valid?*

Class Members will have ninety (90) days from the date the checks are issued to negotiate them. Thereafter, the checks will become non-cashable and the Class Member's Individual Payment will be paid to the Court approved *cy pres* recipient, the Mid-Ohio Food Collective.

**7. <u>When is the Fairness Hearing to Approve the Settlement?</u>**

   The Court has granted preliminary approval of the proposed Settlement, concluding preliminarily that the Settlement is fair, adequate, and reasonable and that the proposed distribution of the Settlement amount is fair, adequate, and reasonable. A hearing will be held to determine whether final approval of the Settlement should be granted. At the hearing, the Court will hear objections, if any, and arguments concerning the fairness of the proposed Settlement. The hearing will take place before Judge Sargus on _____, 2024 or as soon thereafter as practicable, in Courtroom 301 United States District Court for the Southern District of Ohio, Eastern Division, Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215. The Court will also consider Class Counsel's application for fees and costs sought by the Class Representative. The time and date of this hearing may be continued or adjourned, so please contact Class Counsel prior to the date of the hearing if you plan to attend.

   **YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING. YOU MAY ATTEND THE HEARING IF YOU PLAN TO OBJECT TO THE SETTLEMENT. YOU MAY ALSO RETAIN YOUR OWN ATTORNEY TO REPRESENT YOU IN YOUR OBJECTIONS. IF YOU WISH TO ATTEND THE HEARING, YOU MUST SUBMIT A WRITTEN OBJECTION AS DESCRIBED IN THE FOLLOWING SECTION AND MUST STATE IN WRITING YOUR INTENTION TO APPEAR AT THE FAIRNESS HEARING.**

**8. <u>How Can You Object to the Proposed Settlement?</u>**

   If you want to object to the Settlement, you may submit a written statement of the objection to the Claims Administrator at the address below. Your objection will not be heard unless it is mailed to the Claim Administrator via First Class United States Mail, postage prepaid, and received by the Claims Administrator no later than [date]. The objection need not be in any specific form; a short and simple statement of your objection is sufficient. You do not need to be represented by

counsel to object. If you wish to present your objection at the fairness hearing, you must state your intention to do so in your written objection.

## 9. How Can You Opt-Out of the Settlement?

You have the right to exclude yourself, and yourself only, from this Civil Action and Settlement. If you choose to exclude yourself, you will not be barred from seeking relief with respect to any legal claims and will be free to pursue an individual claim, if any, against Northstar Café, but you will not be eligible to receive the benefits of this Settlement. If you intend to exclude yourself, you must do so by submitting a request in writing to the Claims Administrator. The request must include the following: (1) the Class member's name; (2) the Class Member's signature; (3) the date signed; (4) a statement to the effect of "I wish to opt out of the settlement in Highman v. Northstar, et al.; and (5) a statement to the effect of "I understand that by opting out, I will receive no benefits from this settlement." To be effective, such Opt-Out Statements must be sent via First Class United States mail and postmarked by [(30) calendar days after the Claims Administrator makes the initial mailing of the Notice].

Claims Administrator:   RUST CONSULTING
[ADDRESS/CONTACT INFORMTION]

## 10. How Can You Examine Court Records?

The foregoing description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including a copy of the Settlement Agreement, you should visit the Office of the Clerk, Joseph P. Kinneary U.S. Courthouse, Room 121, 85 Marconi Boulevard, Columbus, Ohio 43215. The Clerk will make all files relating to this Civil Action available to you for inspection and copying at your own expense.

## 11. What if You Have Questions?

If you have questions about this Notice, or want additional information, you can contact Class Counsel at the phone numbers and addresses listed in Section 5 above.

Dated: [DATE].

**This Notice is sent to you by Order of the United States District Court for the Southern District of Ohio.**

# ATTACHMENT 7

**Draft of a statement from Plaintiff's Attorney if asked to comment by media:**

We have been working closely with Northstar to resolve this matter quickly and it has been a positive experience. After new federal regulations were introduced by the Department of Labor in 2022, we can see that Northstar tried in good faith to comply. In working together, I have found Northstar to be an ethical organization that cares deeply about taking care of their employees and creating a rewarding and supportive work environment.


**Draft of a statement from Northstar if asked to comment:**

We are grateful to have this matter resolved to everyone's satisfaction. It has always been and will continue to be our goal to operate restaurants to the highest standard, including how we care for our team.