**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ANTHONY HIGHMAN**, *et al.*,

     **Plaintiffs,**

     **v.**                        **Case Number 2:23-cv-1757**
                                    **Judge Edmund A. Sargus, Jr.**
                                    **Magistrate Judge Elizabeth P. Deavers**

**NORTHSTAR CAFÉ EASTON, LLC,** *et al.*,

     **Defendants.**

## ORDER

This matter is before the Court on a Joint Motion for Approval of 216(b) Settlement and Preliminary Approval of the Ohio Rule 23 Second Chance Settlement (ECF No. 60) brought by Named Plaintiffs Anthony Highman, Sarah Bates, and Sarah Taylor ("Named Plaintiffs"), the 269 opt-in plaintiffs, and Defendants Northstar Café Easton, LLC, Northstar Café Westerville, LLC, Northstar Café Liberty, LLC, Northstar Café Shaker Heights, LLC, Northstar Café Short North, LLC, Northstar Café, LLC, and Organic Trails Cafes, LLC.

Named Plaintiffs brought this action against Defendants pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., for alleged violations of the tip credit, tip pool, minimum wage laws, and overtime laws. (ECF No. 1.) The case is a hybrid FLSA action and class action, where the individuals who did not opt into the FLSA collective group can still recover as part of a "second chance" Rule 23 class action. (*Id.*) Accordingly, there are two separate groups of potential claimants: the FLSA group ("FLSA Collective Action Group") and the class action group ("Rule 23 Second Chance Class").

The parties participated in mediation and notified the Court that they resolved the matter on February 15, 2024. (ECF No. 26.) On April 15, 2024, the parties filed a Joint Motion for Stipulated Court Supervised Notice and Approval of Settlement Pursuant to Section 216(b) of the Fair Labor Standards Act and Preliminary Approval of the Ohio Rule 23 Second Chance Settlement. (ECF No. 35.) On February 4, 2025, the Court denied the Parties' Joint Motion without prejudice, raising questions about the Plaintiffs' representative authority and how the number of putative plaintiffs who joined the FLSA Settlement would impact the fairness of the settlement. (ECF No. 37.) The Court instructed the Parties to file a separate motion for Court-authorized notice and file a renewed motion for settlement approval after the members of the FLSA Collective Action Group had been determined. (*Id.*)

The Parties filed the new Joint Motion for Court Approval of FLSA Notice on February 15, 2025. (ECF No. 38.) The Court granted the Motion on February 27, 2025 (ECF No. 39), authorizing notice to be sent to the following group of individuals defined as:

> **All current and former tipped employees who worked for Northstar Café at any time between June 12, 2020, through May 24, 2023, who were subject to the tip credit.**

Additionally, the Court found that the Parties' proposed revised opt-in Notice Form and Claim Form ("Notice Packet") were satisfactory. (*Id.*)

On March 27, 2025, the settlement administrator mailed the Court-approved Notice Packet to 1,139 individuals. A total of 272 FLSA individuals, including the named plaintiffs, opted into the FLSA Collective Action Group. With the total number of FLSA members and individual payment amounts determined, the parties refiled their Joint Motion for 216(b) Settlement Approval and Preliminary Approval of the Ohio Rule 23 Second Chance Settlement. (Jt. Mot., ECF No. 60.)

2

The Court summarizes the following relevant portions of the parties' Settlement and Release Agreement ("Settlement Agreement"):

1. The Total Settlement Amount is $835,000.00;

2. $330,201.22 of the Total Settlement Amount is allocated for the FLSA Collective Action Group;

   a. The 272 FLSA Collective Action Group members' claims total $276,877.76, leaving $53,323.46, which will be added to the Rule 23 Second Chance Class settlement amount;

3. $153,734.65 of the Total Settlement Amount is allocated for the Rule 23 Second Chance Class, prior to the addition of $53,323.46 mentioned above; and

4. $351,064.13 of the Total Settlement Amount is allocated for the payments of counsel's attorneys' fees and out-of-pocket expenses, litigation costs, the Claims Administrator's fees and costs, and the claimant representative's service awards.

(*Id.*; ECF No. 60-1.)

After a review of the parties' Settlement Agreement, the Court is satisfied that the settlement reached is a "fair and reasonable resolution of a bona fide dispute" under the Fair Labor Standards Act. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Foster v. Residential Programs*, No. 2:19-cv-2358, 2021 U.S. Dist. LEXIS 30963, at *8–9 (S.D. Ohio Feb. 18, 2021) (Morrison, J.); *Smith v. TradeGlobal, LLC*, No. 1:19-cv-192, 2020 U.S. Dist. LEXIS 179622, at *5 (S.D. Ohio Sep. 29, 2020) (Black, J.).

Further, the Court finds that the requirements outlined in Federal Rule of Civil Procedure 23 are satisfied for class certification. As outlined in the Joint Motion, the prerequisites of Rule 23(a) are satisfied here: the class is so numerous (approximately 878 class members) that joinder

is impracticable; there are common questions of law or fact to the class, specifically that all proposed class members were subjected to the same company-wide policies while working at Northstar; the claims of the class representatives are typical of the claims of the class because, again, they were subject to the same company-wide policies; and the class representatives will fairly and adequately protect the interests of the class because there is no conflict between the FLSA Collective Action Group and the Rule 23 Second Chance Class. (Jt. Mot., PageID 792–96.) *See* Fed. R. Civ. P. 23(a).

Moreover, the proposed class satisfies one of the three categories of class actions permitted by Rule 23(b) because: the proposed class members share a common set of core facts and legal issues since they all worked for Northstar and were subject to the same company-wide policies; and a proposed class action is superior to other available methods for adjudicating the controversy because it would efficiently resolve the wage claims of hundreds of possible claimants in a single action as opposed to hundreds of separate trials. (Jt. Mot., PageID 797–800.) *See* Fed. R. Civ. P. 23(b)(3).

Accordingly, the Joint Motion is **GRANTED**. (ECF No. 60.) It is **ORDERED**:

1. The Settlement Agreement is **APPROVED in part** and **PRELIMINARILY APPROVED in part**. The FLSA Collective Action Group's settlement outlined in the Settlement Agreement is **APPROVED**. The Rule 23 Second Chance Class's settlement outlined in the Settlement Agreement is **PRELIMINARILY APPROVED**.

2. Solely for the purposes of settlement, the Rule 23 Second Chance Class is certified, consisting of the following:

4

> **All current and former tipped employees who worked for Northstar Café at any time between June 12, 2020, through May 24, 2023, who were subject to the tip credit and who did not opt into the FLSA Collective Action.**

3. Plaintiffs Anthony Highman, Sarah Bates, and Sarah Taylor are appointed the claimants' Representatives for the FLSA Collective Action Group and the Rule 23 Second Chance Class.

4. Rust Consulting will serve as the "Claims Administrator" in providing administration services pursuant to the Settlement Agreement and is hereby authorized to establish a Qualified Settlement Fund under 26 C.F.R. § 1.468B-1.

5. Barkan Meizlish DeRose Cox LLP (including Robert DeRose) are approved as claimants' counsel.

6. The proposed notice to the Rule 23 class is **APPROVED with the following revisions**:

   a. The statement that the notice is "AUTHORIZED BY JUDGE EDMUND A. SARGUS . . ." should be removed from the header. A similar statement may be made in the body of the notice;

   b. The number of opt-in plaintiffs in Section 1 should be updated;

   c. The second sentence of Section 6.d. should say, "Thereafter, the checks will become non-cashable." The remaining part of the sentence should be deleted because the Court has not yet approved the *cy pres* portion of the Settlement Agreement.

   d. The courtroom number listed in Section 7 should be changed to 311.

   e. The second sentence of the second paragraph in Section 7 should be changed to "If you wish to *object at the hearing*, you must . . .".

    f.   Section 9 should allow class members 45 calendar days to mail objections; and

    g.   Section 10 should state that class members may also call the Office of the Clerk at (614) 719-3000.

7.   The Court will conduct a Rule 23 fairness hearing on **April 22, 2026 at 10 a.m.** at 85 Marconi Boulevard, Courtroom 311, Columbus, Ohio, 43215, before the Honorable Judge Edmund A. Sargus to determine the fairness of the Rule 23 Second Chance Class settlement portion of the Settlement Agreement. Class Members requesting exclusion from the class and/or objecting to the Settlement Agreement must timely request exclusion and/or file objections in the time and manner set forth in the proposed notice.

8.   Claimants' counsel will file their Motion for Final Approval of Class and Collective Action Settlement and motion for approval of attorneys' Fees, Costs, and Expenses **at least fourteen days** prior to the Rule 23 fairness hearing. Claimants' counsel must attach any objections received to their Motion for Final Approval.

**IT IS SO ORDERED.**

**2/12/2026**                                 **s/Edmund A. Sargus, Jr.**
**DATE**                                       **EDMUND A. SARGUS, JR.**
                                              **UNITED STATES DISTRICT JUDGE**